1  DAN SIEGEL, SBN 056400
2  ANNE BUTTERFIELD WEILLS, SBN 139845
   EMILYROSE JOHNS, SBN 294319
3  SIEGEL, YEE, BRUNNER & MEHTA
   475 14th Street, Suite 500
4  Oakland, California q94612
   Telephone: (510) 839-1200
5  Facsimile: (510) 444-6698
6  Emails: danmsiegel@gmail.com; abweills@gmail.com;
   emilyrose@siegelyee.com
7
8  Attorneys for Plaintiffs
   ARMIDA RUELAS, DE'ANDRE EUGENE COX,
9  BERT DAVIS, KATRISH JONES,
   JOSEPH MEBRAHTU, DAHRYL REYNOLDS,
10 MONICA MASON, and LUIS NUNEZ-ROMERO

11

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14 ARMIDA RUELAS; DE'ANDRE EUGENE ) Case No.
   COX; BERT DAVIS; KATRISH JONES;  )
15 JOSEPH MEBRAHTU; DAHRYL          ) **COMPLAINT FOR DAMAGES AND**
   REYNOLDS; MONICA MASON; LUIS     ) **DECLARATORY AND INJUNCTIVE**
16 NUNEZ-ROMERO; and all others similarly ) **RELIEF**
   situated,                        )
17                                  )
                                    ) **CLASS ACTION**
18          Plaintiffs,             )
                                    )
19      vs.                         ) **Jury Trial Demanded**
                                    )
20 COUNTY OF ALAMEDA; GREGORY J.    )
21 AHERN, SHERIFF; ARAMARK          )
   CORRECTIONAL SERVICES, LLC; and  )
22 DOES 1 through 10,               )
                                    )
23          Defendants.            )
24 ───────────────────────────────

25     Plaintiffs ARMIDA RUELAS, DE'ANDRE EUGENE COX, BERT DAVIS,

26 KATRISH JONES, JOSEPH MEBRAHTU, DAHRYL REYNOLDS, MONICA MASON,

27 and LUIS NUNEZ-ROMERO complain against COUNTY OF ALAMEDA; GREGORY J.

28 AHERN, SHERIFF, ALAMEDA COUNTY; ARAMARK CORRECTIONAL SERVICES,

   LLC; and DOES 1 through 10 as follows:

───────────────────────────────

**PRELIMINARY STATEMENT**

1.        Plaintiffs ARMIDA RUELAS, DE'ANDRE EUGENE COX, BERT DAVIS, KATRISH JONES, JOSEPH MEBRAHTU, DAHRYL REYNOLDS, MONICA MASON and LUIS NUNEZ-ROMERO are pre-trial detainees, detainees facing deportation, federal detainees, and post-conviction prisoners confined in Santa Rita Jail in Alameda County. Pursuant to a contract between the COUNTY OF ALAMEDA and ARAMARK CORRECTIONAL SERVICES, LLC ("ARAMARK"), plaintiffs were or are currently employed by ARAMARK to perform industrial food preparation services and cleaning. ARAMARK is a private, for-profit company that sells food prepared by prisoners to third parties outside the COUNTY OF ALAMEDA. Contrary to California law, plaintiffs are not paid for their work and are forced to work for the profit of a private company under threat of punitive measures by their jailers. Plaintiffs bring this complaint on their own behalf and on behalf of all incarcerated employees of ARAMARK, past, present and future.

**JURISDICTION AND VENUE**

2.        This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

3.        The state law claims in this action are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

4.        Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

**PARTIES**

5.      At all times relevant hereto, ARMIDA RUELAS was a prisoner at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform sanitation services in the industrial food preparation kitchen.

6.      At all times relevant hereto, DE'ANDRE EUGENE COX was incarcerated at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform industrial food preparation services.

7.      At all times relevant hereto, BERT DAVIS was incarcerated at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform industrial food preparation services.

8.      At all times relevant hereto, KATRISH JONES was incarcerated at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform sanitation services in the industrial food preparation kitchen.

9.      At all times relevant hereto, JOSEPH MEBRAHTU was incarcerated at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform industrial food preparation services.

10.      At all times relevant hereto, DAHRYL REYNOLDS was incarcerated at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform industrial food preparation services.

11.      At all times relevant hereto, MONICA MASON was incarcerated at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform sanitation services in the industrial food preparation kitchen.

12.      At all times relevant hereto, LUIS NUNEZ-ROMERO was incarcerated at Santa Rita Jail in the COUNTY OF ALAMEDA, and was employed by ARAMARK to perform sanitation services in the industrial food preparation kitchen.

13.      Defendant COUNTY OF ALAMEDA is a public entity, operating under the laws of the State of California, which is responsible for all of the acts and omissions of the Alameda County Sheriff and all of the Sheriff's deputies, agents and employees, including those named herein, and Santa Rita Jail.

14.     At all times relevant hereto, defendant GREGORY J. AHERN was the Sheriff of Alameda County. In committing the acts and omissions described in the complaint, he was acting under color of law and within the course and scope of his employment. Defendant AHERN is sued in his individual and official capacities.

15.     At all times relevant hereto, ARAMARK CORRECTIONAL SERVICES, LLC was a private, for-profit company that employed prisoners incarcerated in Santa Rita Jail, including plaintiffs, to perform uncompensated industrial food production services and sanitation services.

16.     Plaintiffs are unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive. Plaintiffs are informed and believe and thereon allege that each DOE defendant is or was employed by COUNTY OF ALAMEDA or by ARAMARK. Plaintiff thereby sues such defendants by such fictitious names pursuant to Code of Civil Procedure Section 474. Plaintiffs will seek leave of the Court to amend this complaint when the true names of these defendants have been ascertained.

## STATEMENT OF FACTS

17.     In 1990, California voters approved Proposition 139, which allows California counties to hire out prisoners confined in their jails to private entities, provided the prisoners are paid comparable wages to non-incarcerated employees of the private company.

18.     Pursuant to this voter-approved law, jails that hire out prisoners may make deductions for state and federal taxes, room and board, lawful restitution fines or victim compensation, and family support, but must provide no less than 20 percent of the wages directly to the prisoner. Prisoners may, in addition to receiving wages, be eligible for credits that reduce the length of time they serve in jail, which reduces incarceration costs.

19.     Santa Rita Jail is Alameda County's jail. It houses persons who are awaiting trial, persons who have been convicted of a crime and are awaiting sentencing,

persons in immigration detention, and persons who are convicted of crimes and serving county jail sentences and, in some instances, state prison sentences.

20.     Plaintiffs ARMIDA RUELAS, DE'ANDRE EUGENE COX, BERT DAVIS, KATRISH JONES, JOSEPH MEBRAHTU, DAHRYL REYNOLDS, MONICA MASON, and LUIS NUNEZ-ROMERO are or were at one time incarcerated in Santa Rita Jail, which is operated by the Alameda County Sheriff's Department.

21.     Alameda County contracted with ARAMARK CORRECTIONAL SERVICES, LLC as early as July 1, 2015. The contract allows ARAMARK to employ persons imprisoned in Santa Rita Jail without compensating them. As a result of the contract, ARAMARK suffers or permits to work prisoners confined in Santa Rita Jail.

22.     Prisoners prepare and package food in Santa Rita Jail's industrial kitchen and clean and sanitize the kitchen after the conclusion of the day's food preparation.

23.     Defendants divide the work day so that male prisoners are assigned to longer, daytime shifts, and female prisoners are assigned to shorter, nighttime shifts. Women prisoners are not provided the same opportunity to work and earn money as their similarly situated male counterparts.

24.     Plaintiffs ARMIDA RUELAS, DE'ANDRE EUGENE COX, BERT DAVIS, KATRISH JONES, JOSEPH MEBRAHTU, DAHRYL REYNOLDS, MONICA MASON, and LUIS NUNEZ-ROMERO were employed by ARAMARK to perform services pursuant to this contract. They worked with other prisoners in Santa Rita Jail under the supervision of ARAMARK employees and under guard of COUNTY OF ALAMEDA Sheriff's Deputies.

25.     No prisoner is compensated for their work. Plaintiffs performed and continue to perform work, including overtime, for no compensation.

26.     Plaintiffs and other prisoner-employees of ARAMARK are coerced to work. COUNTY OF ALAMEDA Sheriff's deputies threaten plaintiffs and other prisoner-employees of ARAMARK that if they refuse to work, they will receive lengthier jail sentences or be sent to solitary confinement, where they would be confined to a small

cell for 22 to 24 hours a day. COUNTY OF ALAMEDA Sheriff's deputies also threaten to terminate prisoners' employment if they need to take a sick day or are injured.

27.     Such threats cause prisoners to work through illness and injury, sometimes caused by the unsafe conditions in the industrial kitchen.

28.     Although plaintiffs and other kitchen workers are not compensated for their work, working in the kitchen means that plaintiffs can get out of their cells for some portion of the day, which is beneficial to their physical and mental health.

29.     Defendants deny plaintiffs wages without any process or hearing, either prior to or following the denial, to determine why they should not receive their wages.

30.     In late October 2019, male prisoner-employees of ARAMARK and other prisoner workers in the jail staged a worker strike to advocate for improved conditions at the jail, including more nutritious food, lower commissary prices, access to cleaning supplies, and daily exercise and recreation time. In response, Sheriff's deputies forced female prisoners to work all shifts in their place so that ARAMARK could meet their quotas by threatening the women that women prisoners would not be provided meals unless they worked. Plaintiffs ARMIDA RUELAS and MONICA MASON were forced to work under this threat.

31.     ARAMARK sells the food prepared by plaintiffs to third parties for a profit. ARAMARK receives an economic windfall as a result of the uncompensated labor of prisoners confined in Santa Rita Jail.

32.     The contract between ARAMARK and the COUNTY OF ALAMEDA permits prisoner labor to be used for the profit of a private company without compensation to the workers. Therefore, defendants COUNTY OF ALAMEDA and SHERIFF GREGORY J. AHERN know or should have known that they are providing uncompensated labor in violation of state and federal law.

33.     Plaintiff ARMIDA RUELAS currently works for ARAMARK. She began working in or around June of 2019 when she was a pre-trial detainee. She continued to work following her conviction but prior to sentencing. Ms. RUELAS currently performs

work in the kitchen's scullery washing items used for meal preparation and service and preparing meals. Her work hours vary but she has typically worked at night for four-hour shifts Monday through Friday performing work such as meal preparation and sanitation. During some days of the late October 2019 workers strike, she was forced to work long day time hours. She was never paid any wages for the work she performed.

34.    Plaintiff DE'ANDRE EUGENE COX worked for ARAMARK while he was incarcerated. He worked in the jail's kitchen, and his hours and days worked varied. On occasions he worked in excess of eight hours a day or 40 hours a week. He was never paid any wages for the work he performed.

35.    Plaintiff BERT DAVIS worked for ARAMARK from approximately October 29, 2018 to March 2019. He was a pretrial detainee for most, if not all of the time he worked. He worked in the jail's kitchen, performing work such as meal preparation, and his hours and days worked varied. On occasions, he worked in excess of eight hours a day or 40 hours a week. He was never paid any wages for the work he performed.

36.    Plaintiff KATRISH JONES worked for ARAMARK while she was incarcerated. She worked in the jail's kitchen performing work such as meal preparation and sanitation, and her hours and days worked varied. She was never paid any wages for the work she performed.

37.    Plaintiff JOSEPH MEBRAHTU worked for ARAMARK while he was incarcerated. He worked in the jail's kitchen performing work such as sanitation, and his hours and days worked varied. On occasions, he worked in excess of eight hours a day or 40 hours a week. He was never paid any wages for the work he performed.

38.    Plaintiff DAHRYL REYNOLDS worked for ARAMARK from approximately June of 2019 to November 2019. He worked in the scullery and in meal preparation. His hours and days worked vary. On occasion, he worked in excess of eight hours a day or 40 hours a week. He was never paid any wages for the work he performed.

39.     Plaintiff MONICA MASON works for ARAMARK and has been employed on and off from approximately May 2019 when she was a pre-trial detainee. She continued to work following her conviction but prior to sentencing. Ms. MASON performs work in the kitchen's scullery washing items used for food preparation and service. Her work hours vary, but she typically worked at night for four-hour shifts Monday through Friday and now works longer shifts on the weekends. During some days of the October 2019 workers strike, she was forced to work long day time hours. She was never paid any wages for the work she performed.

40.     Plaintiff LUIS NUNEZ-ROMERO works for ARAMARK. He was hired in May of 2019, and he continued to work in the kitchen until the end of October 2019. He is a detainee in immigration proceedings and has been for the duration of his employment. Mr. NUNEZ-ROMERO worked in the kitchen's warehouse and performed work such as food preparation. He worked six days a week for approximately eight to 12 hours a day. Previously, he worked seven days a week. He was never paid any wages for the work he performed.

## CLASS ALLEGATIONS

41.     Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) on the basis that there is a well-defined community of interest in this litigation, the proposed class is easily ascertainable, and the proposed class is quite numerous.

42.     Plaintiffs seek to represent the following class: All individuals incarcerated in Santa Rita Jail who perform or performed services for ARAMARK CORRECTIONAL SERVICES, LLC in their jail kitchen facility any time during the period that began four years prior to the filing of the original complaint in this action until the final disposition of this action.

43.     Plaintiffs ARMIDA RUELAS, MONICA MASON, and BERT DAVIS seek to represent the following subclass: All persons incarcerated in Santa Rita Jail who perform or performed services for ARAMARK CORRECTIONAL SERVICES, LLC in

their jail kitchen facility who worked as pretrial detainees, any time during the period that began when ARAMARK began suffering or permitting pretrial detainees to work until the final disposition of this action. This subclass will be known as the Pretrial Detainee Subclass.

44.     Plaintiffs ARMIDA RUELAS, KATRISH JONES, and MONICA MASON seek to represent the following subclass: All women incarcerated in Santa Rita Jail who perform services for ARAMARK CORRECTIONAL SERVICES, LLC in their jail kitchen facility pursuant to a policy, procedure, and/or practice that assigns women prisoners to shorter, nighttime shifts in the jail kitchen, any time during the period that began when ARAMARK began suffering or permitting women prisoners to work until the final disposition of this action. This subclass will be known as the Women Prisoner Subclass.

45.     Plaintiff LUIS ROMERO-NUNEZ seeks to represent the following subclass: All detainees awaiting immigration proceedings incarcerated in Santa Rita Jail who perform services for ARAMARK CORRECTIONAL SERVICES, LLC in their jail kitchen facility any time during the period that began when ARAMARK began suffering or permitting detainees awaiting immigration proceedings to work until the final disposition of this action. This subclass will be known as the Immigration Detainee Subclass.

46.     On information and belief, the injury and loss of money to plaintiffs and the putative class and subclasses are substantial, exceeding one million dollars and as much as several million dollars. Plaintiffs and the putative class were regularly subjected to the constitutional and statutory violations described in this Complaint. On information and belief, the legal and factual issues are common to the class and affect all class members.

47.     Plaintiffs reserve the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses, as well as to limit the class or subclasses to particular issues, as warranted.

**Numerosity**

48.     The potential members of the class and of the subclasses as defined are so numerous that joinder of all of them is impracticable. While the precise number of class members has not been determined at this time, plaintiffs are informed and believe that the class is comprised of more than 100 individuals.

49.     On information and belief, ARAMARK's employment records and COUNTY OF ALAMEDA custody records will provide information as to the number and location of all class members.

**Commonality and Predominance**

50.     There are questions of law and fact that are common to the class and subclasses and predominate over individualized questions. These common questions of law and fact include, without limitation:

51.     Whether COUNTY OF ALAMEDA and GREGORY J. AHERN force detainees into involuntary servitude by forcing them to work for a private company without compensation;

52.     Whether COUNTY OF ALAMEDA and GREGORY J. AHERN fail to provide equal protection to women incarcerated in Santa Rita Jail allowing them less out of cell time to work than their male counter parts;

53.     Whether COUNTY OF ALAMEDA, GREGORY J. AHERN, and ARAMARK violate the Equal Pay Act by employing a policy, practice or custom of assigning men to longer, daytime shifts while assigning women to shorter, nighttime shifts and denying them the opportunity to work equal hours and make equal pay to their similarly situated male counter parts;

54.     Whether ARAMARK violated the California Labor Code by not compensating plaintiffs and putative class members;

55.     Whether ARAMARK violated the California Labor Code by not compensating plaintiffs and putative class members at the minimum wage rate established by law;

56.     Whether ARAMARK violated the California Labor Code by not compensating plaintiffs and putative class members for all "hours worked" in excess of eight hours a day or 40 hours a week at premium overtime rates;

57.     Whether ARAMARK violated §§17200, *et seq.* of the California Business and Professions Code by the actions alleged in this complaint;

58.     Whether the COUNTY OF ALAMEDA violated plaintiffs' and putative class members' statutory rights through threats, coercion and intimidation;

59.     Whether Sheriff GREGORY J. AHERN ratified the unlawful actions of ARAMARK; and

60.     Whether plaintiffs and other class members are entitled to damages, restitution, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to 42 U.S.C. § 1988, California Labor Code provisions, and Business and Professions Code §§ 17200, *et seq.*

## Typicality

61.     Named plaintiffs' claims are typical of the claims of putative class and subclass members. Plaintiffs and all members of the putative class and subclasses sustained injuries and damages arising out of and caused by defendants' common course of conduct, which, as alleged herein, violates federal and California law.

## Adequacy of Representation

62.     Plaintiffs adequately represent and protect the interests of class and subclass members. Plaintiffs have no interests which are adverse to the class. Plaintiffs are similarly situated to other class and subclass members. Counsel who represents plaintiffs are competent and experienced in litigating civil rights class actions, wage and hour cases, and class actions generally.

## Superiority of Class Action

63.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any

questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of the unlawful policies and practices described herein. Class members are unlikely to otherwise obtain effective representation to ensure full enforcement of their rights absent class certification.

64.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## EXHAUSTION

65.     Plaintiffs ARMIDA RUELAS, DE'ANDRE EUGENE COX, BERT DAVIS, KATRISH JONES, JOSEPH MEBRAHTU, and DAHRYL REYNOLDS each filed a California Government Claim on his or her behalf and on behalf of others similarly situated regarding the matters asserted herein with the COUNTY OF ALAMEDA pursuant to California Government Code §§ 910, *et seq.* on August 8, 2019.  The COUNTY OF ALAMEDA denied their claims on August 19, 2019.

66.     Plaintiffs MONICA MASON and LUIS NUNEZ-ROMERO filed a California Government Claim on their behalf and on behalf of others similarly situated regarding the matters asserted herein with the COUNTY OF ALAMEDA pursuant to California Government Code §§ 910, *et seq.* on November 8, 2019.

## FIRST CLAIM FOR RELIEF
## INVOLUNTARY SERVITUDE IN VIOLATION OF THE THIRTEENTH AMENDMENT
### (42 U.S.C. § 1983)

(By ARMIDA RUELAS, MONICA MASON, and BERT DAVIS and the Pretrial Detainee Subclass and LUIS ROMERO-NUNEZ and the Immigration Detainee Subclass Against COUNTY OF ALAMEDA and GREGORY J. AHERN)

67.     Plaintiffs incorporate by reference paragraphs 1 through 66 above as though fully set forth herein.

68.     By virtue of the foregoing, plaintiffs and the putative subclasses were forced to perform work for defendants without pay. Plaintiffs and the putative

---

subclasses were and continue to be coerced to work without compensation under threat of physical punishment and restraint.

69.     The work plaintiffs performed was not a part of daily housekeeping duties in the jail's personal and communal living areas. Rather, it was forced labor for the profit of ARAMARK.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT
(18 U.S.C. § 1589)
(By ARMIDA RUELAS, MONICA MASON, and BERT DAVIS and the Pretrial Detainee Subclass and LUIS ROMERO-NUNEZ and the Immigration Detainee Subclass Against All Defendants)

70.     Plaintiffs incorporate by reference paragraphs 1 through 69 above as though fully set forth herein.

71.     By virtue of the foregoing, plaintiffs and the putative subclasses were forced to perform work for defendants without pay. Plaintiffs and the putative subclasses were and continue to be coerced to work without compensation under threat of physical punishment and restraint.

72.     The work plaintiffs performed was not a part of daily housekeeping duties in the jail's personal and communal living areas. Rather, it was forced labor for the profit of ARAMARK.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE
### FOURTEENTH AMENDMENT
(42 U.S.C. § 1983)
(By ARMIDA RUELAS, KATRISH JONES, and MONICA MASON and the Women Prisoner Subclass Against COUNTY OF ALAMEDA and GREGORY J. AHERN)

73.     Plaintiffs incorporate by reference paragraphs 1 through 72 above as though fully set forth herein.

74.     By virtue of the foregoing, female plaintiffs and members of the putative subclass are assigned to shifts typically lasting only four hours and occurring during nighttime hours while male prisoners are assigned to shifts typically lasting eight hours or more and occurring during daytime hours.

75.    Out of cell time is crucial for the physical and mental health of prisoners. Further, the more hours a prisoner works, the financial compensation that they are entitled to under California law increases.

76.    Female plaintiffs and members of the putative subclass have been denied these benefits and opportunities to earn compensation based solely on their sex.

77.    Defendants' policy and practice does not serve important governmental objectives. Further, assigning women to work shorter, nighttime shifts while assigning men to work longer, daytime shifts is not substantially related to the achievement of important government objectives.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE DUE PROCESS IN VIOLATION OF THE**
**FOURTEENTH AMENDMENT**
(42 U.S.C § 1983)
(By All Plaintiffs and the Class Against COUNTY OF ALAMEDA and GREGORY J. AHERN)

78.    Plaintiffs incorporate by reference paragraphs 1 through 77 above as though fully set forth herein.

79.    California, by statute, established the rights of all prisoners to receive compensation for work performed for the benefit of a for profit company.

80.    In doing so, California established a property right in the payment of wages that cannot be denied without due process of law.

81.    Due process of law requires a meaningful opportunity to be heard at the time the wages were due before denying prisoners wages.

82.    Defendants routinely and deliberately deny plaintiffs and the putative class wages for their work.

83.    Plaintiffs were provided no opportunity to be heard prior to the defendants' failure to pay wages and thus have been denied property without due process of law.

///

///

---

*Ruelas v. County of Alameda,* Case No.
Complaint for Damages and Declaratory and Injunctive Relief- 14

## FIFTH CLAIM FOR RELIEF
## FAILURE TO PAY WAGES
(Cal. Lab. Code §§ 201, 202, 218)
(By All Plaintiffs and the Class Against All Defendants)

84.    Plaintiffs incorporate by reference paragraphs 1 through 83 above as though fully set forth herein.

85.    By virtue of the foregoing, plaintiffs and the putative class performed work for defendants.

86.    Defendants failed to pay plaintiffs and the putative class for their work and owe plaintiffs and the putative class wages pursuant to statutory and constitutional law.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO PAY MINIMUM WAGE
(Cal. Lab. Code § 1194)
(By All Plaintiffs and the Class Against All Defendants)

87.    Plaintiffs incorporate by reference paragraphs 1 through 86 above as though fully set forth herein.

88.    By virtue of the foregoing, plaintiffs and the putative class performed work for defendants.

89.    Plaintiffs and the putative class were paid less than the minimum wage by defendants for all hours worked.

## SEVENTH CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME PREMIUM WAGES
(Cal. Lab. Code § 1194)
(By All Plaintiffs and the Class Against All Defendants)

90.    Plaintiffs incorporate by reference paragraphs 1 through 89 above as though fully set forth herein.

91.    Plaintiffs performed work for defendants.

92.    Plaintiffs worked overtime hours.

93.    Defendants knew or should have known that plaintiffs had worked overtime hours.

94.    Plaintiffs were not paid for all of the overtime hours worked.

///

**EIGHTH CLAIM FOR RELIEF**
**FAILURE TO PAY EQUAL WAGES IN VIOLATION OF THE CALIFORNIA**
**EQUAL PAY ACT**
(Cal. Lab. Code § 1197.5)
(By ARMIDA RUELAS, KATRISH JONES, and MONICA MASON and the Women
Prisoners Subclass Against all Defendants)

95.    Plaintiffs incorporate by reference paragraphs 1 through 94 above as though fully set forth herein.

96.    Plaintiffs ARMIDA RUELAS, KATRISH JONES, MONICA MASON and the putative subclass were assigned to work fewer and less desirable hours than their male counterparts working for ARAMARK.

97.    Plaintiffs ARMIDA RUELAS, KATRISH JONES, MONICA MASON and the putative subclass were performing substantially similar work as the male prisoners with regard to skill, effort and responsibility.

98.    Plaintiffs ARMIDA RUELAS, KATRISH JONES, MONICA MASON and the putative subclass were working under similar working conditions as their male counterparts.

99.    Defendants, in assigning women prisoners fewer and less desirable hours to work based on gender, have denied plaintiffs ARMIDA RUELAS, KATRISH JONES, MONICA MASON and the putative subclass the opportunity to earn equal wages to men.

**NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
(Cal. Bus. & Prof. Code § 17200 *et seq.*)
(By All Plaintiffs and the Class Against ARAMARK CORRECTIONAL SERVICES, INC.)

100.    Plaintiffs incorporate by reference paragraphs 1 through 99 above as though fully set forth herein.

101.    California Business and Professions Code §§ 17200, *et seq.* prohibit unfair competition, including any unlawful or unfair business act or practice.

102.    Defendant ARAMARK engaged in an unlawful business practice when it used uncompensated labor to produce a product for profit.

103.    This business practice is forbidden by law and against public policy as it gives Aramark an unfair advantage over similar business.

104.    Defendant ARAMARK continues to exploit incarcerated employees to gain market share, and plaintiffs are informed and believe that defendant ARAMARK will continue such exploitation.

105.    As a result of defendant ARAMARK's unlawful business practice, plaintiffs lost money in the form of wages that they were rightfully owed.

106.    The failure to pay wages to incarcerated employees also constitutes an unfair business practice because the harm to victims that results from this practice outweighs its utility to the business, the practice offends public policy, and the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

### TENTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BANE ACT
(Cal. Civil Code § 52.1)
(By All Plaintiffs and the Class Against All Defendants)

107.    Plaintiffs incorporate by reference paragraphs 1 through 106 above as though fully set forth herein.

108.    By virtue of the foregoing, defendants and their agents and employees interfered by threats, intimidation, and/or coercion with the rights of plaintiffs, secured by the United States Constitution and the California Constitution.

### PUNITIVE DAMAGES

109.    By virtue of the foregoing, defendants ARAMARK and Does 1-3 acted with malice and oppression and the intent to deprive and did deprive plaintiffs and the putative class of their rights to be free from forced labor without compensation.

### DAMAGES

110.    As a result of the actions of defendants and its employees, plaintiffs have been injured and have suffered damages as follows:

       a.    They have been financially injured and damaged including, but not limited to, by the loss of wages and overtime premiums due to plaintiffs and the

putative class;

  b.  They have suffered emotional distress.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988 and Cal. Code Civ. P. §1021.5;

(5) Declaratory relief finding that defendants' acts and practices as described herein violate the constitutional and statutory rights of plaintiffs and the putative classes and subclasses;

(6) Injunctive relief requiring defendants to cease and desist from the acts and practices described herein;

(7) Costs of suit; and

(8) Such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury of all issues so triable in this case.

Dated: November 18, 2019

  SIEGEL, YEE, BRUNNER & MEHTA

  By  */s/ Dan Siegel*
    Dan Siegel

  Attorneys for Plaintiffs
  ARMIDA RUELAS, DE'ANDRE EUGENE
  COX, BERT DAVIS, KATRISH JONES,
  JOSEPH MEBRAHTU, DAHRYL REYNOLDS,
  MONICA MASON and LUIS NUNEZ-ROMER