1  DAN SIEGEL, SBN 056400
2  ANNE BUTTERFIELD WEILLS, SBN 139845
   EMILYROSE JOHNS, SBN 294319
3  SIEGEL, YEE, BRUNNER & MEHTA
   475 14th Street, Suite 500
4  Oakland, California 94612
   Telephone: (510) 839-1200
5  Facsimile: (510) 444-6698
6  Emails: danmsiegel@gmail.com; abweills@gmail.com;
   emilyrose@siegelyee.com
7
   Attorneys for Plaintiffs
8  ARMIDA RUELAS, DE'ANDRE EUGENE COX,
   BERT DAVIS, KATRISH JONES,
9  JOSEPH MEBRAHTU, DAHRYL REYNOLDS,
10 MONICA MASON, and LUIS NUNEZ-ROMERO

11

12              **UNITED STATES DISTRICT COURT**

13         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14 ARMIDA RUELAS; DE'ANDRE EUGENE      ) Case No. 4:19-cv-07637-JST
   COX; BERT DAVIS; KATRISH JONES;      )
15 JOSEPH MEBRAHTU; DAHRYL             ) **PLAINTIFFS' OPPOSITION TO**
16 REYNOLDS; MONICA MASON; LUIS        ) **DEFENDANTS COUNTY OF**
   NUNEZ-ROMERO; and all others similarly ) **ALAMEDA'S AND SHERIFF**
17 situated,                            ) **GREGORY J. AHERN'S MOTION**
                                        ) **TO DISMISS PLAINTIFFS'**
18           Plaintiffs,               ) **COMPLAINT**
                                        )
19      vs.                             ) **Hearing:** February 5, 2019
20                                      ) **Time:** 2 p.m.
   COUNTY OF ALAMEDA; GREGORY J.        ) **Courtroom:** Oakland Courthouse,
21 AHERN, SHERIFF; ARAMARK             ) Courtroom 6 – 2nd Floor
   CORRECTIONAL SERVICES, LLC; and      ) 1301 Clay Street, Oakland, CA 94612
22 DOES 1 through 10,                   )
23                                      ) **Hon. Jon S. Tigar**
           Defendants.                 )
24

25

26

27

28

_Ruelas v. County of Alameda,_ No. 4:19-cv-07637-JST
Plaintiffs' Opposition to County's and Sheriff's Motion to Dismiss

1

**Table of Contents**

2

**Page**

3

INTRODUCTION............................................................................................................1

4

ARGUMENT ...................................................................................................................2

5

6

I.      Plaintiffs Are Not Required to Plead Exhaustion
        Under 42 U.S.C. 1997e.......................................................................................3

7

II.     County Defendants are Liable for Aramark's Failure to Pay Wages.......................3

8

9

III.    Plaintiffs Joseph Mebrahtu, Dahryl Reynolds, Monica Mason,
        and Luis Nunez-Romero' May Serve as Class Representatives on their Wage
        Claims................................................................................................................6

10

11

        A.      Claims for Wages are Not Subject to Administrative
                Exhaustion Under the Government Claims Act..........................................6

12

13

        B.      Where Plaintiffs, as Here, Present a Claim for Class Relief, the Claims
                Requirement is Satisfied by One Claimant Filing for the Class
                Itself.......................................................................................................7

14

15

IV.     Plaintiffs Joseph Mebrahtu Substantially Complied with
        the Claims Requirement......................................................................................8

16

17

V.      Defendants Waived their Defense of an Insufficient Claim as to
        Plaintiff Dahryl Reynolds..................................................................................10

18

19

VI.     Plaintiffs Monica Mason and Luis Nunez-Romero Are not
        Barred from Proceeding on their Claims Because They Substantially
        Complied with the Claims Requirement..............................................................10

20

21

VII.    Plaintiffs State a Claim for a Violation of the Bane Act.......................................11

22

        A.      Plaintiffs Met the Requirement to File a Claim........................................11

23

24

        B.      Plaintiffs Plead Sufficient Facts to Support their
                Bane Act Claim..................................................................................... 11

25

VIII.   Should the Court Determine that Plaintiffs do not Plead
        Sufficient Facts to State a Claim for Relief, Plaintiffs Should be
        Granted Leave to Amend their Complaint............................................................12

26

27

CONCLUSION...............................................................................................................13

28

---

**Table of Authorities**

**FEDERAL CASES**                                                              **Page(s)**

*Albino v. Baca*
    747 F.3d 1162 (9th Cir. 2014) ................................................................3

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................2

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007).........................................................................2

*Hospital Bldg. Co. v. Rex Hospital Trustees*
    425 U.S. 738 (1976) ........................................................................3

*Ileto v. Glock Inc.*
    349 F.3d 1191 (9th Cir. 2003)...............................................................3

*Jenkins v. McKeithen*
    395 U.S. 411 (1969) ........................................................................3

*Jones v. Bock*
    549 U.S. 199 (2007) ........................................................................3

*Page v. Torrey*
    201 F.3d 1136 (9th Cir. 2000)..............................................................3

*Rodriguez v. Cty. of Los Angeles*
    891 F.3d 776 (9th Cir. 2018) ..............................................................12

*Yagman v. Garcetti*
    852 F.3d 859 (9th Cir. 2017) ..............................................................12

**STATE CASES**

*Ardon v. City of Los Angeles*
    52 Cal. 4th 241 (2011) .....................................................................8

*City of San Jose v. Superior Court*
    12 Cal. 3d 447 (1974) ....................................................................7, 8

*Connelly v. Cty. of Fresno*
    146 Cal. App. 4th 29 (2006) ............................................................9, 11

*Cty. of Ventura v. Pub. Employment Relations Bd.*
    254 Cal. Rptr. 3d 902 (Ct. App. 2019) ...................................................5

*Eaton v. Ventura Port Dist.*
   45 Cal. App. 3d 862 (Ct. App. 1975) ................................................................7, 8

*Longshore v. Cty. of Ventura*
   25 Cal. 3d 14 (1979) ...........................................................................................6

*Martinez v. Combs*
   49 Cal. 4th 35 (2010) .......................................................................................5, 6

*Nat. Soda Prod. Co. v. City of Los Angeles*
   109 Cal. App. 2d 440 (1952) ..............................................................................9

*Nat. Soda Prod. Co. v. City of Los Angeles*
   23 Cal.2d 193 (1943)) ........................................................................................9

*Novoa v. GEO Grp., Inc.*
   No. EDCV172514JGBSHKX, 2018 WL 3343494  (C.D. Cal. June 21, 2018).......5, 6

*Owino v. CoreCivic, Inc.*
   No. 17-CV-1112 JLS (NLS), 2018 WL 2193644 (S.D. Cal. May 14, 2018)..............5

*Perez v. Golden Empire Transit Dist.*
   209 Cal. App. 4th 1228, (2012) ........................................................................10

*Santee v. Santa Clara County Office of Education*
   220 Cal.App.3d 702 (1990) ...............................................................................9

*Sheppard v. N. Orange Cty. Reg'l Occupational Program*
   191 Cal. App. 4th 289 (2010) ..........................................................................5, 6

*State of California v. Superior Court*
   32 Cal. 4th 1234 (2004) .................................................................................10, 11

*Vasquez v. State of California*
   105 Cal. App. 4th 849 (2003) ............................................................................5

**FEDERAL STATUTES**

42 U.S.C. 1997e .....................................................................................................3

**STATE STATUTES**

California Penal Code § 2717.8 ........................................................................4, 5

Cal. Code Regs. tit. 8, § 11050 ............................................................................5

1

Cal. Gov't Code § 905(c) ...................................................................................................6

Cal. Gov't Code § 911 ...................................................................................................10

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs Armida Ruelas, De'Andre Eugene Cox, Bert Davis, Katrish Jones, Joseph Mebrathu, Dahryl Reynolds, Monica Mason, and Luis Nunez-Romero are or were at one time incarcerated at Santa Rita Jail, the sole jail run by the Sheriff's Department of Alameda County. They seek to represent a class of prisoners at Santa Rita Jail who are forced to work without pay.

The jail houses pre-trial detainees in state and federal cases, prisoners sentenced to county jail time or state prison time, and detainees facing immigration proceedings. It has an industrial kitchen designed to mass-produce meals for consumption by prisoners in Santa Rita Jail and other county jails in California. Defendants Alameda County, Sheriff Gregory J. Ahern, and Aramark Correctional Services, Inc. ("Aramark") employ prisoners in Santa Rita Jail to perform nearly every aspect of food preparation and sanitation in the industrial kitchen. Defendant Aramark is a private corporation that benefits financially from the work of those housed in Santa Rita Jail. Defendants Alameda County and Sheriff Ahern make plaintiffs and the putative class's labor possible by selecting prisoners to work, setting their schedules, and imposing discipline on workers at their discretion. This partnership between the County and a private company is permitted by a state statutory scheme established by referendum in 1990, which allows prisoners to be employed by private companies while incarcerated, and which requires prisoners to be paid comparable wages with deductions for room, board, taxes, and restitution being permitted at up to 80 percent of their earnings.

Although plaintiffs and the putative class are employed by defendants, they are not paid any wages for their work. Further, they are coerced to work, forced to work, and threatened with sanctions if they attempt not to work. Plaintiffs filed their lawsuit seeking wages that they are owed for work they performed and seeking an end to their exploited labor by coercion or threat of sanction.

Defendants County of Alameda and Sheriff Ahern filed their motion to dismiss plaintiffs' complaint on December 13, 2019. (ECF No 13.) Defendants argue that:

*Ruelas v. County of Alameda,* No. 4:19-cv-07637-JST
Plaintiffs' Opposition to County's and Sheriff's Motion to Dismiss - 1

1        1)    Plaintiffs did not plead exhaustion of administrative remedies pursuant to

2    the Prison Litigation Reform Act, 42 U.S.C. 1997e;

3        2)    Plaintiffs are not entitled to wages from the County and the Sheriff;

4        3)    Plaintiffs Joseph Mebrathu, Dahryl Reynolds, Monica Mason, and Luis

5    Nunez-Romero did not exhaust administrative remedies under the California

6    Government Claims Act;

7        4)    Plaintiffs cannot pursue their Bane Act claims because they did not

8    exhaust administrative remedies under the California Government Claims Act.

9        In their opposition, plaintiffs will show:

10       1)    Failure to exhaust administrative remedies under the Prison Litigation

11   Reform Act, 42 U.S.C. 1997e, is an affirmative defense, and plaintiffs need not plead

12   exhaustion to proceed;

13       2)    The County and the Sheriff are liable for wages owed to plaintiffs where

14   they take affirmative steps making the labor of prisoners available to a for-profit

15   company;

16       3)    Plaintiffs' wage claims are not subject to administrative exhaustion;

17       4)    Plaintiffs Joseph Mebrathu, Dahryl Reynolds, Monica Mason, and Luis

18   Nunez-Romero sufficiently exhausted administrative remedies under the Government

19   Claims Act for claims subject to the requirement; and

20       5)    Plaintiffs' Government Claims Act claim sufficiently addresses the Bane

21   Act, meeting exhaustion requirements.

22                **ARGUMENT**

23       At the pleading stage, plaintiffs need only allege in their complaint "sufficient

24   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

25   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

26   U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual*

27   *content* that allows the court to draw the reasonable inference that the defendant is

28   liable for the misconduct alleged." *Id.* (emphasis added). The Court must take plaintiffs'

allegations as true and construe the pleadings in the light most favorable to

---

1   them. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976); *Jenkins v.*

2   *McKeithen,* 395 U.S. 411, 421 (1969). The court must also draw all reasonable

3   inferences in plaintiffs' favor. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

4   　　　Plaintiffs' complaint contains sufficient factual content to support all claims for

5   relief asserted.

6   **I.     Plaintiffs Are Not Required to Plead Exhaustion Under 42 U.S.C.**
        **1997e.**

7   　　　It has long been established that a plaintiff need not plead exhaustion of

8   administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42

9   U.S.C. 1997e. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "Failure to exhaust is an

10   affirmative defense under the PLRA, and . . . inmates are not required to specially plead

11   or demonstrate exhaustion in their complaints." *Id.* [1] In the Ninth Circuit, a defendant

12   may not raise its exhaustion defense in a motion to dismiss, as defendants attempt

13   here. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) ("[A]n unenumerated motion

14   under Rule 12(b) is not the appropriate procedural device for pretrial determination of

15   whether administrative remedies have been exhausted under the PLRA.") Rather, "to

16   the extent evidence in the record permits, the appropriate device is a motion for

17   summary judgment under Rule 56." *Id.* Plaintiffs' election not to discuss exhaustion of

18   administrative remedies in their complaint is permissible and does not represent any

19   defect in their complaint. Defendants' argument fails.

20   **II.     County Defendants are Liable for Aramark's Failure to Pay Wages.**

21   　　　Plaintiffs allege that defendants County of Alameda and Sheriff Ahern are liable

22   for allowing Aramark to utilize prison labor without compensation. Defendants argue

23

24   ────────────────

25   [1] Defendants may not raise this affirmative defense against plaintiffs who were not
    incarcerated when the complaint was filed, as the Prison Litigation Reform Act and its

26   attendant requirements, such as exhaustion of administrative remedies, apply only to
    persons who are prisoners when the complaint is filed. *Page v. Torrey*, 201 F.3d 1136,

27   1140 (9th Cir. 2000) ("[O]nly individuals who, at the time they seek to file their civil
    actions, are detained as a result of being accused of, convicted of, or sentenced for

28   criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e and 28 U.S.C.
    § 1915.")

1  that plaintiffs may not plead these causes of action against defendants since they are

2  municipal entities and only the private entity is liable for wages under the statutory

3  scheme created by Proposition 139. (Defendants County of Alameda's and Sheriff

4  Gergory J. Ahern's Motion to Dismiss Plaintiffs' Complaint, ECF No. 13 ("MTD") at 6:9-

5  26.)[2] Defendants provide no legal support for their assertion, and their position is not

6  supported by the statutory framework resulting from Proposition 139 or California wage

7  laws.

8          Contrary to defendants' assertion, Proposition 139 and its implementing

9  legislation, California Penal Code section 2717 *et seq.* do not prescribe which entity must

10  pay prisoner-employees. Defendants argue that California Penal Code section 2717.8

11  requires the joint venture employer to pay prisoner-employees. (MTD at 6:9-15.) Section

12  2717.8 provides no such direction.

> The compensation of prisoners engaged in programs pursuant to contract between the Department of Corrections and joint venture employers for the purpose of conducting programs which use inmate labor shall be comparable to wages paid by the joint venture employer to non-inmate employees performing similar work for that employer. If the joint venture employer does not employ such non-inmate employees in similar work, compensation shall be comparable to wages paid for work of a similar nature in the locality in which the work is to be performed. Such wages shall be subject to deductions, as determined by the Director of Corrections, which shall not, in the aggregate, exceed 80 percent of gross wages and shall be limited to the following:
> (1) Federal, state, and local taxes.
> (2) Reasonable charges for room and board, which shall be remitted to the Director of Corrections.
> (3) Any lawful restitution fine or contributions to any fund established by law to compensate the victims of crime of not more than 20 percent, but not less than 5 percent, of gross wages, which shall be remitted to the Director of Corrections for disbursement.
> (4) Allocations for support of family pursuant to state statute, court order, or agreement by the prisoner.

---

[2] Defendants make this argument against plaintiffs fifth through ninth causes of action. However, plaintiffs' ninth cause of action, alleging a violation of California Business and Professions Code section 17200 *et seq.* is presented only against Aramark Correctional Services, Inc.

---

*Ruelas v. County of Alameda,* No. 4:19-cv-07637-JST
Plaintiffs' Opposition to County's and Sheriff's Motion to Dismiss - 4

1    Cal. Penal Code § 2717.8. The statutory provision only requires that prisoners be paid

2    for their work at a wage comparable to the wages paid to the joint venture employers'

3    employees who perform comparable work. When faced with a joint venture employer's

4    failure to pay wages to state-housed, prison-employees under similar circumstances to

5    the case here, the California Court of Appeal, Fourth District instructed that "[c]ontrary

6    to the State's view, it cannot sit idly by while CMT Blues violates Proposition 139 and the

7    express terms of the joint venture agreement." *Vasquez v. State of California*, 105 Cal.

8    App. 4th 849, 856 (2003). In *Vasquez*, a California taxpayer lawsuit, the court did not

9    have occasion to consider the question before the court here: whether the government

10   entity was liable as a joint employer for the failure to pay wages. However, where courts

11   have had such occasion, they have concluded that municipalities can be joint employers

12   responsible for the failure to pay wages. *See, e.g.*, *Cty. of Ventura v. Pub. Employment*

13   *Relations Bd.*, 254 Cal. Rptr. 3d 902, 909 (Ct. App. 2019) (County liable as joint

14   employer where factual determination shows that County exercised certain control over

15   workers); *Sheppard v. N. Orange Cty. Reg'l Occupational Program*, 191 Cal. App. 4th

16   289, 300-01 (2010) (California industrial wage orders requiring payment of minimum

17   wage may apply when stated to states and political subdivisions).

18        California's Industrial Wage Orders guide the definition of an employer and the

19   meaning of employ. *Martinez v. Combs*, 49 Cal. 4th 35, 69 (2010), *as modified* June 9,

20   2010. The work performed by plaintiffs and the putative class is covered by Industrial

21   Wage Order 5 "Public Housekeeping Industry." Cal. Code Regs. tit. 8, § 11050. *See also*

22   *Novoa v. GEO Grp., Inc.*, No. EDCV172514JGBSHKX, 2018 WL 3343494, at *9 (C.D.

23   Cal. June 21, 2018), *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL

24   2193644, at *26 (S.D. Cal. May 14, 2018), *reconsideration denied*, No. 17-CV-1112 JLS

25   (NLS), 2019 WL 1367815 (S.D. Cal. Mar. 26, 2019). Industrial Wage Order 5 defines

26   employ as "to engage, suffer, or permit to work." Cal. Code Regs. tit. 8, § 11050, subd.

27   2(E). The County defendants employed those it engaged, suffered or permitted to work

28   when it allowed prisoners to work for Aramark, on the premises the County runs and

---

*Ruelas v. County of Alameda,* No. 4:19-cv-07637-JST
Plaintiffs' Opposition to County's and Sheriff's Motion to Dismiss - 5

with the assistance of Sheriff's deputies. *Martinez*, 49 Cal. 4th at 69. ("A proprietor who knows that persons are working in his or her business without having been formally hired, or while being paid less than the minimum wage, clearly suffers or permits that work by failing to prevent it, while having the power to do so.") *See also Novoa*, No. EDCV172514JGBSHKX, 2018 WL 3343494, at *9 ("As *Martinez* clarifies, the definition of 'employ' encompasses liability on a business that knows prohibited labor is occurring and fails to prevent it, despite the absence of a common law employment relationship.")

Plaintiffs allege facts against the County defendants that permit the conclusion that they and Aramark operated as plaintiffs' joint employers. Plaintiffs describe County employees exercising control over their schedules and supervising their work. (Complaint at 23, 24, 26-27.) The County defendants are not exempted from the requirements of the Industrial Wage Orders where they "engage, suffer, or permit to work" persons in their custody. *Sheppard*, 191 Cal. App. at 300. Plaintiffs allege sufficient facts to proceed against the County defendants as joint employers with Aramark and hold the County defendants liable for the failure to pay wages.

**III.    Plaintiffs Joseph Mebrahtu, Dahryl Reynolds, Monica Mason, and Luis Nunez-Romero' May Serve as Class Representatives on their Wage Claims.**

**A.    Claims for Wages are Not Subject to Administrative Exhaustion Under the Government Claims Act.**

Defendants argue that plaintiffs are required to file claims under the Government Claims Act for causes of action five through nine. (MTD at 7:3-11:12.)[3] Causes of action five through eight are claims for failure to pay wages, failure to pay minimum wages, failure to pay overtime premiums, and failure to pay men and women equally. (Complaint at ¶¶ 84-99.) Claims regarding wages are exempted from the requirement to file a claim under the Government Claims Act. Cal. Gov't Code § 905(c). *See also Longshore v. Cty. of Ventura*, 25 Cal. 3d 14, 22 (1979) ("Section 905, subdivision (c), specifically excludes from application of the statute those claims 'by public employees

---

[3] Plaintiffs address only claims five through eight as plaintiffs' ninth claim for relief is alleged only against Aramark Correctional Services, Inc.

---

*Ruelas v. County of Alameda,* No. 4:19-cv-07637-JST
Plaintiffs' Opposition to County's and Sheriff's Motion to Dismiss - 6

1  for fees, salaries, wages, mileage or other expenses or allowances.'") Plaintiffs are

2  exempt from the California Government Claims Act exhaustion requirement for their

3  wage claims.

4        **B.      Where Plaintiffs, as Here, Present a Claim for Class Relief, the
                  Claims Requirement is Satisfied by One Claimant Filing for the**

5        **Class Itself.**

6        Even were plaintiffs required to file a claim for wages under the California

7  Government Claims Act, plaintiffs have complied with the requirements by filing a claim

8  on behalf of a class. Plaintiffs Armida Ruelas, De'Andre Cox, Bert Davis, Katrish Jones,

9  Joseph Mebrahtu, and Dahryl Reynolds presented a claim on August 8, 2019, that was

10 rejected on August 19, 2019. (Complaint at ¶ 65.) Plaintiffs Monica Mason and Luis

11 Nunez-Romero presented a claim on November 8, 2019. (Complaint at ¶ 66.) As to the

12 wage claims, defendants find no defect in presentation of the claim filed by plaintiffs

13 Armida Ruelas, De'Andre Cox, Bert Davis, and Katrish Jones. Defendants argue that

14 plaintiff Joseph Mebrahtu did not timely present his claim, (MTD at 11:13-13:10),

15 plaintiff Dahryl Reynolds did not comply with the requirements of the Government

16 Claims Act to state a date for his injuries, (MTD at 12:11-25), and plaintiffs Monica

17 Mason's and Luis Nunez-Romero's claim is barred as a matter of law, (MTD 12:26-

18 13:12).

19       Plaintiffs presented a class claim. This is evidenced by plaintiffs' caption reading

20 the names of claimants "and all others similarly situated," and by their introduction that

21 "[t]hey bring this claim on their own behalf and on behalf of all others similarly

22 situated." (Exhibit 1 to Defendants' Request for Judicial Notice, ECF No. 13-1 ("RJN"),

23 at 2:7-8.) Where plaintiffs seek to represent a class, a claim that identifies a

24 representative plaintiff and enough information "to identify and make ascertainable the

25 class itself" is sufficient. *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 457 (1974).

26 *See also Eaton v. Ventura Port Dist.*, 45 Cal. App. 3d 862, 868 (Ct. App. 1975) ("Thus, at

27 a minimum, in order for a class claim to be considered to substantially comply with

28 Government Code section 910, it must contain sufficient information to enable the

1  governmental entity, either from its own records or from the claim itself, to reasonably

2  determine the circumstances which it is claimed give rise to liability and the possible

3  outer limits of that liability." (internal citations omitted).)

4       Plaintiffs' August 8, 2019, claim makes clear that the class consists of "all other

5  incarcerated employees of Aramark who work in the Santa Rita Jail kitchen [and who]

6  are similarly not paid for their labor and work in the same conditions as those

7  complained of by claimants." (RJN, Ex 1, 4:5-7.) The conditions, among other

8  allegations, include "punishment and reprisals, including placement in solitary

9  confinement, if they refuse to work." (RJN, Ex. 1, 3:2-3.)

10       The defects that defendants argue occurred do not prevent those Joseph

11  Mebrahtu, Dahryl Reynolds, Monica Mason, Luis Nunez-Romero being named plaintiffs

12  in this action. The word "claimant" in a section 910 class claim "refer[s] to 'the class

13  itself,' not to an individual class member." *Ardon v. City of Los Angeles*, 52 Cal. 4th 241,

14  248 (2011) (citing *City of San Jose*, 12 Cal. 3d at 457.) Therefore, it is sufficient that class

15  representatives Armida Ruelas, De'Andre Cox, Bert Davis, and Katrish Jones all

16  presented claims to which defendants raise no objection regarding compliance. As their

17  claim is presented for the class itself, any purported defect in the individual allegations

18  of other class members does not affect the class claim as long as *one representative*

19  supplies the information required by the statute. *City of San Jose*, 12 Cal. 3d at 457.

20  Plaintiffs' claims provided the County defendants with sufficient information to

21  determine from its own records the circumstances that give rise to its liability. *See also*

22  *Eaton*, 45 Cal. App. 3d at 868. Faced with that information, the County took only 11 days

23  to evaluate and reject plaintiffs' claim. (Complaint at ¶ 65.)

24  **IV.   Plaintiffs Joseph Mebrahtu Substantially Complied with the Claims Requirement.**

25       If the Court finds a defect in Joseph Mebrahtu's claim that he worked for 11

26  months between 2014 and 2018, the Court should evaluate his claim for substantial

27  compliance. "[T]he doctrine of substantial compliance may validate the claim 'if it

28  substantially complies with all of the statutory requirements . . . even though it is

---

1   technically deficient in one or more particulars.'" *Connelly v. Cty. of Fresno*, 146 Cal.

2   App. 4th 29, 38 (2006) (*quoting Santee v. Santa Clara County Office of Education*, 220

3   Cal.App.3d 702, 713 (1990). "The test for substantial compliance is whether the face of

4   the filed claim discloses sufficient information to enable the public entity to make an

5   adequate investigation of the claim's merits and settle it without the expense of

6   litigation." *Connelly*, 146 Cal. App. 4th at 38 (2006).

7          Here, as defendants agree, plaintiff Joseph Mebrahtu had one year to file his

8   claim against the County for failure to pay him wages. (MTD at 11:26-27.) Defendants

9   err in arguing that plaintiffs are required to file a claim at the initiation of the county

10   defendants' tortious conduct. (MTD at 11:26-28.) Tortious conduct that is continuous in

11   nature may be considered a single occurrence such that a plaintiff has six months or one

12   year from the *conclusion* of the conduct to file a claim. *Nat. Soda Prod. Co. v. City of*

13   *Los Angeles*, 109 Cal. App. 2d 440, 445 (1952) (noting that the "'principal purpose of the

14   requirement that claims be filed is to provide the city with full information concerning

15   rights asserted against it, so that it may settle those of merit without litigation. . . . That

16   purpose is best served if the entire sequence of events giving rise to the injury is

17   regarded as the occurrence from which the damage arose, for damages can be assessed

18   accurately only when the sequence is completed and the total injury taken into

19   account.'" (quoting *Nat. Soda Prod. Co. v. City of Los Angeles*, 23 Cal.2d 193 (1943)).

20          Plaintiff Joseph Mebrahtu filed a claim stating that he had worked as recently as

21   2018. (RJN, Ex.1, 3:19-22). The claim explains that prisoners work according to a

22   current contract between the County and Aramark Correctional Services, Inc. and that

23   plaintiffs seek to represent all those similarly situated. (RJN, Ex. 1, 2:15-19; 4:5-7.) The

24   Court should view Plaintiff Joseph Mebrahtu's claim "in its entirety" and determine

25   "whether the claim is susceptible to an interpretation that reasonably enables the public

26   entity to make an adequate investigation and settle the claim." *Connelly*, 146 Cal. App.

27   4th at 40. As Plaintiff Joseph Mebrahtu's claim, in its entirety, provides the County with

28

1   the information it needed to adequately investigate the claim, the Court should find that

2   Joseph Mebrahtu substantially complied with the claims requirement.

3   **V.   Defendants Waived their Defense of an Insufficient Claim As to Plaintiff Dahryl Reynolds.**

4

5   "[I]f a claimant is not warned about a defect or omission in the claim as

    presented in accordance with section 910.8, the public entity waives any defense as to

6   the sufficiency of the claim." *Perez v. Golden Empire Transit Dist*., 209 Cal. App. 4th

7   1228, 1235 (2012). Here, defendants claim plaintiff Dahryl Reynolds did not comply

8   with the claims statute by not including the dates during which he worked in the jail

9   kitchen. (MTD at 12:4-25.) However, the statute is clear that a public entity's failure to

10  identify the defect and permit the claimant to cure it, the public entity waives the

11  defense of insufficiency. Cal. Gov't Code § 911. *See also Perez*, 209 Cal. App. 4th at 1235.

12  Plaintiffs received a letter denying their claims. (Exhibit 1 to Declaration of EmilyRose

13  Johns in Support of Plaintiffs' Request for Judicial Notice.) The letter made no

14  indication that the public agency found a defect as to any claimant's presentation of

15  their claims. (Id.) Therefore, defendants waived this defense.

16  **VI.   Plaintiffs Monica Mason and Luis Nunez-Romero Are not Barred from Proceeding on their Claims Because They Substantially Complied with the Claims Requirement.**

17

18  If the Court concludes that plaintiffs were required to file a claim for their unpaid

19  wages and that the class claim filed originally on August 9, 2019, does not cover other

20  class representatives, the Court must still permit Monica Mason and Luis Nunez-

21  Romero to proceed on their wage claims despite filing their complaint prior to the

22  County's rejection of their claim. Plaintiffs Monica Mason and Luis Nunez-Romero, by

23  presenting a timely claim, have not committed a fatal error by filing their complaint

24  prior to the claim's rejection. Instead, in such cases, courts have refused to dismiss

25  plaintiffs' complaint because by submitting the timely claim, "plaintiffs had substantially

26  complied with the claim presentation requirement." *State of California v. Superior*

27  *Court*, 32 Cal. 4th 1234, 1244 (2004) (citing cases where courts have so held). Rather,

28  "by filing the claim and prematurely filing the complaint, [plaintiffs] had satisfied the

1   purpose behind the requirement—to give the entity the opportunity to investigate and

2   settle the claim before suit was brought." *Id.* At the filing of the complaint, plaintiffs

3   Monica Mason and Luis Nunez-Romero has presented a claim to the County and pled as

4   much in their complaint. (Complaint at ¶ 66.) Plaintiffs Monica Mason and Luis Nunez-

5   Romero substantially complied with the requirement and must be permitted to proceed

6   on their wage and Bane Act causes of action.

7   **VII.   Plaintiffs State a Claim for a Violation of the Bane Act.**

8       **A.   Plaintiffs Met the Requirement to File a Claim.**

9         Plaintiffs filed a claim under the Government Claims Act that alleged a violation

10   of the Bane Act. (RJN at 3:1-3; 4:12-14.) Defendants do not argue that plaintiffs' claim

11   was insufficient as to its presentation. (MTD at 13:13-14:18) Instead, defendants argue

12   simply that a claim was required to be presented. (Id.) To the extent their argument is

13   construed as one alleging that plaintiffs did not file a claim for their Bane Act claims,

14   defendants are incorrect. Plaintiffs allege that punishments and reprisals such as

15   placement in solitary confinement—punishments and reprisals only County defendants

16   could impose—were feared results if they refused to work. (RJN at 3:1-3). Plaintiffs

17   alleged a right to recovery under all applicable laws. (RJN at 4:12-14.) Their claim

18   substantially complied with the claims requirement for their allegations under the Bane

19   Act. *Connelly*, 146 Cal. App. 4th at 40.

20       **B.   Plaintiffs Plead Sufficient Facts to Support their Bane Act Claim.**

21         Defendants argue that plaintiffs' complaint fails to state a claim for relief because

22   plaintiffs do not allege a right to declaratory or equitable relief in their tenth cause of

23   action regarding the County's violation of the Bane Act. (MTD at 15:2-4.)  Defendants

24   cite no authority showing that such an allegation is a requirement to advance plaintiffs'

25   claims. Instead, defendants conclude that plaintiffs' omission coupled with the

26   allegation that they have been injured financially means the claim is one for money

27   damages, and therefore a claim must have been presented under the Government

28   Claims Act. (MTD at 15:11-15.) Plaintiffs know of no requirement to include a prayer for

1  certain relief in their pleading regarding a cause of action for a violation of the Bane Act.

2  Certainly, if this were required, it could be cured by an amendment. *Yagman v.*

3  *Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).

4         However, plaintiffs' Bane Act cause of action in their complaint pleads the

5  required elements: that the County defendants knowingly interfered with a right held by

6  plaintiffs through threat, coercion or intimidation. (Complaint at ¶ 108.) *See Rodriguez*

7  *v. Cty. of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) ("[T]he Bane Act does not

8  require the threat, intimidation or coercion element of the claim to be transactionally

9  independent from the constitutional violation alleged, but rather a showing of the

10 defendant's specific intent to violate the plaintiff's constitutional rights." (internal

11 citations and quotations omitted)). Although defendants do not seem to challenge the

12 sufficiency of plaintiffs' complaint on these grounds, plaintiffs similarly plead sufficient

13 facts to advance their Bane Act claim by alleging that they are forced by Sheriff's

14 Deputies to work without pay through threats of lengthier jail sentences or solitary

15 confinement. (Complaint at ¶¶ 26-27.)

16 **VIII.   Should the Court Determine that Plaintiffs do not Plead Sufficient**
       **Facts to State a Claim for Relief, Plaintiffs Should be Granted Leave**
17     **to Amend their Complaint.**

18         When a court dismisses a complaint for a deficiency in the pleading that can be

19 cured, it should do so without prejudice. *Yagman*, 852 F.3d at 863. In this matter,

20 plaintiffs can plead additional facts to support their claims or perfect their causes of

21 action, and they request the opportunity to amend their complaint in the event that the

22 Court determines that they do not plead sufficient facts to state claims for relief.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, the Court should deny defendants' Motion to Dismiss.

Dated: December 27, 2019

                              SIEGEL, YEE, BRUNNER & MEHTA


                              By  /s/EmilyRose Johns_____
                                  EmilyRose Johns

                              Attorneys for Plaintiffs
                              ARMIDA RUELAS, DE'ANDRE EUGENE
                              COX, BERT DAVIS, KATRISH JONES,
                              JOSEPH MEBRAHTU, DAHRYL REYNOLDS,
                              MONICA MASON and LUIS NUNEZ-
                              ROMERO