1  Wendy L. Wilcox, Esq.  (SBN 193644)
2  wwilcox@skanewilcox.com
   Joel P. Glaser, Esq.  (SBN 194442)
3  jglaser@skanewilcox.com
4  SKANE WILCOX LLP
   1055 W. 7th Street, Suite 1700
5  Los Angeles, CA 90017
6  T: (213) 452-1200 / F: (213) 452-1201
   Attorneys for Defendants the County of Alameda
7  and Gregory J. Ahern, Sheriff
8
9              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
10

11 ARMIDA RUELAS; DE ANDRE          Case No. Case No. 4:19-CV-07637 JST
12 EUGENE COX; BERT DAVIS;          Hon. Jon S. Tigar, Judge
   KATRISH JONES; JOSEPH
13 MEBRAHTU; DAHRYL REYNOLDS;       **DEFENDANTS THE COUNTY OF**
14 MONICA MASON; LUIS NUNEZ-        **ALAMEDA AND GREGORY J.**
   ROMERO; and all others similarly  **AHERN, SHERIFF'S REPLY TO**
15 situated,                         **PLAINTIFFS' OPPOSITION TO**
                                     **MOTION TO DISMISS PLAINTIFFS'**
16                                   **COMPLAINT**
17              Plaintiffs,
18 v.                               FRCP 12(b)(6)
19 COUNTY OF ALAMEDA; GREGORY       Date: February 5, 2019
20 J. AHERN, SHERIFF; ARAMARK       Time: 2:00 p.m.
   CORRECTIONAL SERVICES, LLC,      Location:  1301 Clay Street,
21 and DOES 1 through 10,                      Oakland, CA 94612,
22                                             Courtroom 6
                Defendants
23

24

25      Come now Defendants the County of Alameda and Gregory J. Ahern, Sheriff
26 (collectively "Defendants") and reply to Plaintiffs' Opposition to Defendants'
27 motion for an order dismissing all claims asserted in Plaintiffs' complaint against the
28 moving Defendants as follows:

---

1

DEFENDANTS THE COUNTY OF ALAMEDA AND GREGORY J. AHERN, SHERIFF'S REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# **TABLE OF CONTENTS**

I.   DEFENDANTS MAY RAISE FAILURE TO EXHAUST ADMINISTRATIVE
REMEDIES UNDER THE PRISON LITIGATION REFORM ACT ("PRLA") IN
A MOTION TO DISMISS...........................................................................5

II.  PLAINITFFS CITE NO AUTHORITY FOR THE PROPOSITION THAT THE
COUNTY OR THE SHERIFF ARE PLAINTIFFS' EMPLOYERS WHO ARE
LIABLE TO PAY INMATES' WAGES......................................................6

III.   PLAINTIFFS ARE NOT PUBLIC EMPLOYEES AND ARE NOT EXEMPT
FROM THE EXAHUASTION REQUIREMENTS OF THE GOVERNMENT
CLAIMS ACT.........................................................................................10

IV.   FILING OF THE COMPLAINT AS A CLASS ACTION DOES NOT SAVE
THE CLAIMS OF THE PLAINTIFFS WHICH ARE TIME BARRED OR
OTHERWISE DEFECTIVE.....................................................................10

V.  THE ARGUMENT THAT DEFENDANTS WAIVED THEIR DEFENSE OF
AN INSUFFICIENT CLAIM AS TO PLAINTIFF DAHRYL REYNOLDS IS
FRIVOLOUS .........................................................................................13

VI.   PLAINTIFFS MONICA MASON AND LUIS NUNEZ-ROMERO ARE
BARRED FROM PROCEEDING ON THEIR CLAIMS.............................14

VII.  THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF
THE BANE ACT ....................................................................................15

VIII. CONCLUSION .....................................................................................17

DEFENDANTS THE COUNTY OF ALAMEDA AND GREGORY J. AHERN, SHERIFF'S REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).....................................5

*Ardon v. City of Los Angeles*, (2011) 52 Cal. 4th 241 ...............................12

*Booth v. Churner*, 532 U.S. at 733-34, 121 S. Ct. 1819 ..............................5

*City of Los Angeles v. Sup.Ct. (Collins)* (2008) 168 Cal.App.4th 422, 430.............16

*City of San Jose v. Superior Court* (1974)12 Cal. 3d 447 .........................11

*Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131 .................15

*County of Ventura v. Pub. Employment Relations Bd.* (2019) 254 Cal.Rptr.3d 902 ..9

*Donohue v. State of Calif.* (1986) 178 Cal.App.3d 795, 804........................16

*Dynamex Operations W. v. Superior Court* (2018) 4 Cal.5th 903, 908 .....................7

*Ghiozzi v. City of South San Francisco* (1946) 72 Cal.App.2d 472 .........................12

*Jones v. Bock*, 549 U.S. 199, 216 (2007).......................................................5

*Martinez v. Combs* (2010) 49 Cal. 4th 35.....................................................8

*Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757 .........................................15

*Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002)...................5

*Radar v. Rogers* (1957) 49 Cal.2d 243 ......................................................15

*S. G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341........................................................................................................7

*Service Employees Internat. Union v. County of Los Angeles* (1990) 225 Cal.App.3d 761..........................................................................................................9

*Sheppard v. N. Orange Cty. Reg'l Occupational Program* (2010)191 Cal.App.4th 289 ...........................................................................................................9

*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal. 4th 1234 ...................14

*Stockett v. Association of Calif. Water Agencies Joint Powers Ins. Auth.* (2004) 34 C4th 441 ..........................................................................................................13

*Taylor v. City of Los Angeles* (1960) 180 Cal.App.2d 255.......................................15

**Statutes**

*California Civil Code § 52.1(k)* ...................................................................................17

California Government Code § 3501, subd. (d)..................................................................10

*California Government Code § 905*...................................................................................16

*California Government Code § 910(c)* ..............................................................................11

*California Government Code § 911.2*.................................................................................11

*California Penal Code §2717.1* .........................................................................................6

FRCP 12(b)(6).......................................................................................................................5

Gov. Code,1 § 3500 et seq. ..................................................................................................9

Pen. Code, § 2717.1 et seq. ..................................................................................................6

DEFENDANTS THE COUNTY OF ALAMEDA AND GREGORY J. AHERN, SHERIFF'S REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## I.   DEFENDANTS MAY RAISE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES UNDER THE PRISON LITIGATION REFORM ACT ("PRLA") IN A MOTION TO DISMISS

In *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) ("*Nussle*"), the U.S. Supreme Court held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

This requirement also extends to cases, such as Plaintiffs, where a remedy not available through the administrative process, such as monetary damages, is sought. *Booth v. Churner*, 532 U.S. at 733-34, 121 S. Ct. 1819. *Nussle* mandates that every claim asserted by a prisoner must first be grieved administratively before seeking judicial relief.

Citing *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("*Jones*") and *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) ("*Albino*") Plaintiffs argue that the Defendants herein may not raise Plaintiffs' failure to exhaust administrative remedies available in the Santa Rita Jail in a motion to dismiss under FRCP 12(b)(6).  However, this argument overstates the holdings of those cases.

In *Albino* the Court overruled its previous holdings which required "an unenumerated" motion under FRCP 12 to raise the issue of failure to exhaust administrative remedies under the PRLA. In *Albino*, the court was addressing a procedural issue peculiar to the Ninth Circuit.

As the Court wrote in *Jones*, "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216, 127 S.Ct. 910. But where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim. See id. at 215–16, 127

S.Ct. 910.

While concededly, the instances where the failure to exhaust is clear from the complaint are uncommon, this case is distinguishable from the cases cited by the Plaintiffs, wherein the complaints typically said nothing about the exhaustion of administrative remedies. Here, the complaint specifically alleges the Plaintiffs did exhaust their administrative remedies. However, the complaint does not allege exhaustion of administrative remedies available in the Santa Rita Jail. The complaint alleges only that Plaintiffs filed a Government Claim with the County of Alameda. Because the complaint specifically alleges the exhaustion of administrative remedies, but fails to allege exhaustion of administrative remedies available in the Santa Rita Jail, it fails to state a claim under the PLRA.

## II.   PLAINITFFS CITE NO AUTHORITY FOR THE PROPOSITION THAT THE COUNTY OR THE SHERIFF ARE PLAINTIFFS' EMPLOYERS WHO ARE LIABLE TO PAY INMATES' WAGES

### A. The County and The Sheriff are not Employers of the Inmates that Provide Services to Aramark

As a starting point, the plain language of Proposition 139 (codified in Pen. Code, § 2717.1 et seq.), contradicts any notion that the Plaintiffs are employees of the Sheriff or the County. Proposition 139 requires the Director of to "establish joint venture programs within state prison facilities to allow joint venture **employers** [e.g. private businesses] to **employ** inmates confined in the state prison system for the purpose of producing goods or services." *California Penal Code § 2717.2.* (**emphasis added**)

A "joint venture employer" means any public entity, nonprofit or for-profit entity, organization, or business which contracts with the Director of Corrections for the purpose of **employing** inmate labor. *California Penal Code §2717.1*

Under the plain wording of *California Penal Code §2717* Aramark is the employer of the Plaintiffs, not the Sheriff or the County.

Defendants have found no case, and Plaintiff cite none, where a county, a sheriff, or a state prison was required to pay wages to inmates employed by a private company under the Prison Inmate Labor Initiative of 1990.

Plaintiffs claim the County and Sheriff were Employers of the Plaintiffs. However, in order for an employment relationship to exist an entity must retain the right to "control both what shall be done and how it shall be done," the "right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed." *Dynamex Operations W. v. Superior Court* (2018) 4 Cal.5th 903, 908 ("*Dynamex*"); See, *S. G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341.

Throughout the complaint Plaintiffs allege they worked or work for Aramark, were employed by Aramark, performed service for Aramark and were under the supervision of Aramark.(See, e.g. Complaint ¶¶5-12,15, 21, 24, 33-40, 42[1]) The complaint alleges prisoners "prepare and package food" in the Jail's kitchen and "clean and sanitize" the kitchen at the conclusion of the food preparation." (¶22)

There is not even the slightest hint in the complaint that the Jail guards, the County or the Sheriff control what food the inmates prepare, how they prepare it, what ingredients are used, how they package it or how and in what manner the kitchen and equipment is cleaned or sanitized. In short, neither the County nor the Sheriff control and direct the activities of the inmates in rendering services to Aramark, or the manner and method in which the work is performed.

Further, California has recently adopted into law (California Assembly Bill 5) the so-called "ABC test" announced by the California Supreme Court in *Dynamex*. While the *Dynamex* opinion focused upon the issue of when a purported independent contractor should be classified as an employee, the opinion is nevertheless instructive. The key to part "A" of the "ABC" test is derived from a long line of

---

[1] All paragraph references are to the complaint

cases that hold the test to determine whether an employment relationship exists is the type and degree of control a business exercises over the putative employee. *Id* at 958.

While the jail, and to a lesser degree the Sheriff, and even lesser degree the County, exercise control over the daily lives and living conditions of the jail inmates, it is readily apparent from the complaint that once these inmates, such as the Plaintiffs, go to work in the jail kitchen for Aramark, Aramark alone controls what work the inmates perform. Aramark supervises and controls what food will be prepared and packaged, presumably also what food is cooked, how the food is cooked, who the food will be sold to, what ingredients are to be used and every other aspect of the inmates actual workday.  Obviously, if an inmate violates a jail rule or disobeys a command from jail personnel, jail personnel will step in.  However, in no real sense can it be inferred from the complaint that the jail controls what work the inmates perform for Aramark.

While Plaintiffs cite *Martinez v. Combs* (2010) 49 Cal. 4th 35 ("*Martinez"*) for the proposition that "suffering" or "permitting" the Plaintiffs to work in the jail created an employment relationship, the *Martinez* court expressly rejected that claim in holding for the defendants.

The Court in *Dynamex* undertook an extensive review of the applicable wage order at issue in *Martinez* and the definitions of the employment relationship found in the wage order as well as the historical context of the terms "to suffer or permit" and to "employ" and concluded that the key issue was control, rather than mere acquiescence, to a workers activities.

Accordingly, under both the applicable wage order and a long line of California cases addressing the issue, the County and the Sheriff are not Plaintiffs' employers.

**B. The County And The Sheriff Are Not Joint Employers Of The Inmates That Provide Services To Aramark**

Plaintiffs claim the County and Sheriff were Joint Employers of the Plaintiffs. However, in order for a joint-employer relationship to exist an entity must retain the right to "control both what shall be done and how it shall be done," the "right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed." *Service Employees Internat. Union v. County of Los Angeles* (1990) 225 Cal.App.3d 761.

As noted above, neither the Sheriff nor the County control what work the Plaintiffs performed for Aramark nor how the work shall be done.

**C. Plaintiffs' Reliance on Cases Not Involving Inmate Labor is Misplaced**

Plaintiffs cite *County of Ventura v. Pub. Employment Relations Bd.* (2019) 254 Cal.Rptr.3d 902, and other cases where municipal entities that contract with private employers may be joint employers. However, reliance on these cases is misplaced. For example, in private corporations which owned medical clinics contracted with Ventura County Medical Center (VCMC), a publicly owned hospital, to provide medical services to underserved sectors of the community.

At issue was whether the Service Employment International Union, Local 721 (SEIU) could represent nonphysician employees of the clinics pursuant to the Meyers-Milias-Brown Act (MMBA) (Gov. Code,1 § 3500 et seq.), which governs employer-employee relations between public agencies and public employees.

Key to the Court's determination that the County was a joint employer of the nonphysician employees is the definition of "public employee" under the MMBA. The MMBA defines a " 'public employee' " as "any person employed by any public agency." (§ 3501, subd. (d).) A " 'public agency' " includes "every town, city, county, city and county[,] and municipal corporation." (§ 3501, subd. (c).)  Simply put, inmates providing labor to a private employer such as Aramark are not public employees and the above cited case has no application here.

 Similarly, Plaintiffs' reliance upon *Sheppard v. N. Orange Cty. Reg'l Occupational Program* (2010)191 Cal.App.4th 289 ("*Sheppard*") is misplaced. In

*Sheppard,* an employee of regional occupational program established by four public school districts, brought action against program, seeking compensation for the 20 minutes of preparation time for which he was not paid. *Sheppard* simply re-affirms that state and municipal entities may be liable for unpaid wages. *Sheppard* has nothing to do with the issue of whether Plaintiffs are employees of the County.

## III.   PLAINTIFFS ARE NOT PUBLIC EMPLOYEES AND ARE NOT EXEMPT FROM THE EXAHUASTION REQUIREMENTS OF THE GOVERNMENT CLAIMS ACT

As noted above, Plaintiffs are not employees of the Sheriff or the County and they are certainly not public employees. As such Plaintiffs were required to exhaust their administrative remedies prior to filing suit against the Defendants

California Government Code § 3501, subd. (d) defines a public employee  as "any person employed by any public agency, including employees of the fire departments and fire services of counties, cities, cities and counties, districts, and other political subdivisions of the state, excepting those persons elected by popular vote or appointed to office by the Governor of this state."

The foregoing list does not include inmates in joint venture programs under Proposition 139. The legislature was deemed to be aware of the foregoing definition and in enacting the applicable Penal Code sections to implement Proposition 139. If the legislature had intended that inmates providing services to a private employer under Proposition 139 be considered public employees it could easily have done so.

No authority exists, and Plaintiffs have cited no authority for the proposition, that inmates providing labor under Proposition 139 are public employees and are thus exempt from the requirement that they exhaust the remedies available under the Government Claims Act prior to filing the instant action.

## IV.   FILING OF THE COMPLAINT AS A CLASS ACTION DOES NOT SAVE THE CLAIMS OF THE PLAINTIFFS WHICH ARE TIME BARRED OR OTHERWISE DEFECTIVE

1    While Plaintiffs are correct that each class member need not file a
2   Government Claim to satisfy the exhaustion requirements under California law,
3   Plaintiffs offer no authority for the proposition that filing a class action may revive a
4   claim that is time barred or is otherwise defective.

5    A claim for money damages against a public entity must be presented within 1
6   year. *California Government Code § 911.2*. To comply with the California
7   Government claims statutes a claim must state the "date of the accident or event out
8   of which the claim arose." *California Government Code § 910(c).* The combined
9   claim filed by the Plaintiffs states Joseph Mebrahtu "worked as an incarcerated
10  Aramark employee in the jail kitchen for approximately eleven months between
11  2014 and 2018." (Exh. 1 to Defendants' request for judicial notice, pg. 3, lines 21-
12  21) The fact that Plaintiffs filed this case as a class action is entirely irrelevant to the
13  fact that Joseph Mebrahtu's claim fails to comply with *Government Code § 910(c)*
14  as it fails to state the date "of the event out of which the claim arose" and is time
15  barred.

16   Similarly, Dahryl Reynolds states in the claim filed with the Defendants
17  (Exhibit 1 to Defendants' Request for Judicial Notice) that he was "formerly
18  incarcerated in Santa Rita Jail and worked as an incarcerated Aramark employee in
19  the jail kitchen for approximately one year." The fact that Plaintiffs filed this case as
20  a class action is entirely irrelevant to the fact that Dahryl Reynolds' claim fails to
21  comply with *Government Code § 910(c)* as it fails to state the date "of the event out
22  of which the claim arose" and is time barred.

23   Plaintiffs' argument that Defendants find no defect in the claims filed by
24  Plaintiffs Armida Ruelas, De'Andre Cox, Bert Davis, and Katrish Jones misses the
25  point. Their wage and hour claims against Defendants fail because they were not
26  employees. It is irrelevant that their Government Claims may have been in proper
27  form, they are not entitled to the relief they seek. As noted in *City of San Jose v.*
28  *Superior Court* (1974)12 Cal. 3d 447 ("*City of San Jose*"), one of the cases relied

upon by the Plaintiffs, the failure to state in a Government claim the date and place of the occurrence of the event giving rise to the claim is fatal. Id at 457; See also, *Ghiozzi v. City of South San Francisco* (1946) 72 Cal.App.2d 472.

The Court in *City of San Jose* adopted a two-part test for determining whether the class claim at issue satisfied **section 910**, the first being

"[I]s here some compliance with All of the statutory requirements." *Id* at 456-457.

Therefore, under the *City of San Jose,* in order to bring a Government claim as a class action there must be at least some compliance with all of the statutory requirements for filing a Government claim.

Nothing in the *City of San Jose* or the later case of *Ardon v. City of Los Angeles*, (2011) 52 Cal. 4th 241, also cited by Plaintiffs, supports the argument that otherwise defective claims may survive the failure to comply with the Government Claims statute simply because the claimants are named as Plaintiffs in a later class action.

Following Plaintiffs argument to its logical conclusion would eviscerate the time constraints for filing a Government claim as well as every other statute of limitations. In order to pursue an otherwise time barred or otherwise defective Government claim a Plaintiff would only have to be named as a class representative in a subsequent lawsuit. Such is not the law in this state. Defendants should not be forced to expend time and scarce government resources defending class action claims by Plaintiffs that will inevitably be proved to be time barred or otherwise fail to comply with the Government Claims statutes.

The argument that Joseph Mebrahtu's claim substantially complies with the Government claims statute is entirely without merit and ignores the great weight of authority that the failure to state the date and place of the occurrence of the event giving rise to the claim is fatal.

Plaintiffs simply misrepresent the arguments made in support of Defendants'

motion when they state Defendant asserts plaintiffs are required to file a claim at the initiation of the county defendants' tortious conduct. This language and argument appear nowhere in Defendants' motion.

The primary purpose of the claims statutes is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Stockett v. Association of Calif. Water Agencies Joint Powers Ins. Auth.* (2004) 34 C4th 441. The complaint alleges Aramark contracted with the Santa Rita jail "as early as July 1, 2015 (¶21) Therefore, Joseph Mebrahtu's claim that he was not paid for work at the jail "between 2014 and 2018" is so vague and indefinite as to be meaningless. It provides no information by which the Defendants could have investigated the claims made on August 8, 2019, the date Mebrahtu's Government claim was filed.

## V. THE ARGUMENT THAT DEFENDANTS WAIVED THEIR DEFENSE OF AN INSUFFICIENT CLAIM AS TO PLAINTIFF DAHRYL REYNOLDS IS FRIVOLOUS

It is no accident that a shotgun style claim was presented to the County vaguely alleging Plaintiffs worked at the jail for Aramark at some unspecified date in the past. In order to extort money from the county Plaintiffs now seize upon their own vague and indefinite claim to argue the County somehow waived any defect in the claim because it did not identify each claimant and state the basis for the rejection of each of their claims. For example, Joseph Mebrahtu claims he was not paid for work at the jail "between 2014 and 2018. Dahryl Reynolds claims "that he was "formerly incarcerated in Santa Rita Jail and worked as an incarcerated Aramark employee in the jail kitchen for approximately one year." Thus, the complaint itself demonstrates there was no compliance whatsoever with the requirement that a Government claim state the date of the event giving rise to the claim. (See, also Exhibit 1 to the Defendants' request for judicial notice)

In response to Plaintiffs' vague claims the County had no choice but to send a

letter to claimants' counsel stating that claims made for alleged unlawful conduct during a certain range of dates were untimely as they were not presented within 1 year.  This letter also stated that other claims for alleged unlawful conduct during a certain range of dates were untimely as they were not presented within 6 months.

In support of their opposition Plaintiffs request the court take judicial notice of the county's response to Plaintiffs' August 8, 2019 Government  claim submit the declaration of attorney Emily Rose and Exhibit 1 thereto. A brief perusal of letter rejecting the claims shows Plaintiffs' argument that the County stated no basis for the rejection of the claim is simply false.  The letter rejecting the claim states clearly and unequivocally in different places that the claim was untimely on several different bases.

## VI.   PLAINTIFFS MONICA MASON AND LUIS NUNEZ-ROMERO ARE BARRED FROM PROCEEDING ON THEIR CLAIMS

Plaintiffs cite the case of *State of California v. Superior Court* (*Bodde*) (2004) 32 Cal. 4th 1234 ("*Bodde*") for the proposition that Monica Mason and Luis Nunez-Romero have not committed a fatal error by filing their complaint prior to the claim's rejection. This is a misconstruction of the holding of this case. As succinctly stated by the Court:

> "In this case, we consider whether failure to allege facts demonstrating or excusing compliance with this claim presentation requirement subjects a complaint to a general demurrer. We conclude it does."

*Id* at 1236

Moreover, the court framed the issue as follows:

> "We granted review and limited the issue to whether failure to plead facts demonstrating or excusing compliance with the claim presentation requirement of section 900 et seq. may be raised on a general demurrer to the complaint."

*Id* at 1239

In *Bodde* the court cited without examination various cases where the filing of a complaint prior to the deadline for a public entity to accept or reject a claim was deemed not to be fatal to a Plaintiff's subsequent lawsuit. However, some of these cases were decided prior to the enactment of the current Government Claims Statutes. (E.g. *Radar v. Rogers* (1957) 49 Cal.2d 243; *Taylor v. City of Los Angeles* (1960) 180 Cal.App.2d 255. In another, *Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131 the court held that a premature filing of a complaint was not fatal because a cause of action existed when the complaint was filed. Still others, held the complaint was barred by the failure to comply with the Government Claims Statues; *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757.

None of the cases cited in *Bodde* or *Bodde* itself hold that failure to comply with the Government Claims Statutes is excused by the premature filing of a complaint. *Bodde* itself holds that failure to comply with the claims statute bars the claim against a public entity. *Id* at 1239

VII. **THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE BANE ACT**

A. **The Government Claim Filed by the Plaintiffs Fails to Allege Any Violation of the Bane Act**

Contrary to Plaintiffs' argument, the claim filed with the County does not even mention the Bane Act. A copy of the Claim is attached as Exhibit 1 to the Declaration of Emily Rose in support of Plaintiffs' request for Judicial Notice. As is readily apparent, the bulk of the claim concerns alleged unsafe working conditions in the jail.

It is certainly no oversight that the opposition points to no language in the Government Claim which could possibly be construed as asserting a claim for violation of the Bane Act. This is so because no such language exists. In an act of intellectual dishonesty, the opposition states the Government Claim asserts that inmates are threatened with "lengthier jail sentences." However, this language is

15

1   glaringly absent from the claim actually filed.

2       It is hornbook law that a complaint against a public entity cannot interject new

3   or different claims from those asserted in a Government Claim. Plaintiffs are limited

4   to the matters set forth in the claim for which relief was denied. *Donohue v. State of*

5   *Calif.* (1986) 178 Cal.App.3d 795, 804.

6       Plaintiffs seize upon a single sentence at page 3, lines 1-3 of their Government

7   Claim where it is stated that Plaintiffs "fear punishment and reprisals, including

8   placement in solitary confinement if they refuse to work." This is a far cry form the

9   Bane Act's requirement for liability which provides for civil penalties against

10  anyone who:

11          "...interferes by threat, intimidation, or coercion, or attempts to interfere by

12          threat, intimidation, or coercion, with the exercise or enjoyment by any

13          individual or individuals of rights secured by the Constitution or laws of the

14          United States, or of the rights secured by the Constitution or laws of this

15          state..."

16      Moreover, in no way did this one sentence in the Government Claim place the

17  County on notice that Plaintiffs were claiming the County or the Sheriff  interfered

18  with any constitutional rights of the Plaintiffs or of the rights secured under

19  California law through the use or threat of violence.

20      Plaintiffs deliberately misconstrue the arguments made in Defendants motion

21  when they argue the Defendants are claiming the complaint fails to state a claim for

22  relief because plaintiffs do not allege a right to declaratory or equitable relief for

23  alleged violation of the Bane Act.

24      Defendants point out that Plaintiffs do not claim a right to declaratory or

25  equitable relief for violation of the Bane Act because the statutory requirements for

26  presentation of a claim apply to claims for "money or damages" and not to claims

27  for declaratory or equitable relief. *California Government Code § 905*; see, *City of*

28  *Los Angeles v. Sup.Ct. (Collins)* (2008) 168 Cal.App.4th 422, 430.      Because      the

complaint does not allege a right to declaratory or equitable relief for violation of the Bane Act, Plaintiffs are required to comply with the requirements of the Government Claims Statutes. Because Plaintiffs have failed to comply with the requirements of the Government Claims Act, the complaint fails to state a claim for violation of the Bane Act.

**B. Plaintiffs Allege Insufficient Facts to Support the Claim for Violation of the Bane Act**

The mere fact that Plaintiffs "feared placement in solitary confinement if they refuse to work" is woefully inadequate to state a claim for violation of the Bane Act. There is no constitutional right to refuse to participate in legislatively mandated jail work programs and the "fear" of being placed in solitary confinement does not rise to the level of interference with any constitutional rights through threats, intimidation or coercion.

Under the express provisions of the Bane Act speech alone is not sufficient to support an action brought for alleged interference with constitutional rights through threat, intimidation, or coercion under part (b) of the Bane Act, except upon a showing that the speech itself threatens violence. *California Civil Code § 52.1(k)*

Neither the Government Claim nor the complaint filed on Plaintiffs behalf alleges violence was used against them or that Plaintiffs were threatened with violence, only that the "feared" being placed in solitary confinement or were threatened with longer sentences of loss of their Aramark employment. (¶26)

Tellingly, the Government Claim filed by Plaintiffs does not even allege that the County or the Sheriff actually interfered with any constitutional rights, which is a requirement for liability under the act. Only that Plaintiffs "feared" being placed in solitary confinement.

## VIII. CONCLUSION

In their opposition the Plaintiffs have deliberately misstated and/or misconstrued the claims made in the Government Claim filed with the County on

their behalf.  The claims made in the complaint do not conform with the claims made in the Government Claim and the complaint therefore fails to state claims under state law.

Plaintiffs also deliberately misstate and/or misconstrue the arguments made in Defendants' motion. Plaintiffs offer no authority, and none exists, for the proposition that inmates providing labor to Aramark under the Prison Inmate Labor Initiative of 1990 are employees of the County. Nor do Plaintiffs offer any authority, and none exists, for the proposition that the inmates are public employees who are exempt from the requirement of the Government Claims Act.

Plaintiffs have failed to allege the County or the Sheriff used or threatened the use of violence to interfere with their rights as required to support a claim under the Bane Act.

Finally, where, as here, the complaint shows the Plaintiffs have failed to comply with the exhaustion requirements of the Prison Litigation Reform Act, a motion to dismiss under FRCP 12(b)(6) may be brought to dismiss the claims in Plaintiffs' complaint for violation of Federal Law.

As set forth above and in Defendants Motion to Dismiss the court should grant Defendants' motion.

DATED: January 3, 2020                SKANE WILCOX LLP

By:   _____
                Wendy L. Wilcox, Esq.
                Joel P. Glaser, Esq.
                Attorneys for Defendants the County of
                Alameda and Gregory J. Ahern, Sheriff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFCATE OF SERVICE</u>

I, Gonzalo Valverde, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1055 West 7th Street, Suite 1700, Los Angeles, CA 90017.

On January 3, 2020, the following document(s) is(are) being filed electronically and will be available for viewing and downloading from the Court's CM/ECF system:

**DEFENDANTS THE COUNTY OF ALAMEDA AND GREGORY J. AHERN, SHERIFF'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California who have consented to electronic service shall constitute service of the filed document to all such parties. Parties who have not consented to electronic service are entitled to receive a paper copy of any electronically filed pleading or other documents.  Any such parties will be served by regular mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 3, 2020, at Los Angeles, California.

/s/ Gonzalo Valverde
Gonzalo Valverde