UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA RUELAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 19-cv-07637-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL**<br><br>Re: ECF No. 70 |

Before the Court is Defendant Aramark Correctional Services, LLC's ("Aramark") motion for an order certifying for immediate interlocutory appeal one legal issue decided in this Court's order granting in part and denying in part Defendants' motions to dismiss. ECF No. 70. The Court grants the motion and clarifies the statement of the issue to be decided.

In a simultaneously-filed order, the Court modifies the order granting in part and denying in part Defendants' motions to dismiss to more thoroughly explain the Court's reasoning on the issue certified for interlocutory appeal.

## I.   BACKGROUND

Plaintiffs Armida Ruelas, De'Andre Eugene Cox, Bert Davis, Katrish Jones, Joseph Mebrahtu, Dahryl Reynolds, Monica Mason, Luis Nunez-Romero, and Scott Abbey are or were "pre-trial detainees[ and] detainees facing deportation" confined in Alameda County's Santa Rita Jail. First Amended Complaint ("FAC"), ECF No. 48 ¶ 1. The facts of this case are discussed in greater detail in the Court's order granting in part and denying in part Defendants' motion to dismiss the FAC, ECF No. 66, and are summarized briefly here. Plaintiffs are or were performing "industrial food preparation services and cleaning" for Aramark pursuant to a contract between Aramark and Alameda County. FAC ¶ 1. "Aramark is a private, for-profit company that sells

food prepared by prisoners to third parties" outside of Alameda County. *Id.* This contract was made possible by California Proposition 139, which allows private companies to hire county jail inmates. *Id.* ¶ 18. Alameda County contracted with Aramark "as early as July 1, 2015." *Id.* ¶ 22.

Plaintiffs allege that Aramark's contract with Alameda County allows Aramark "to employ persons imprisoned in Santa Rita Jail without compensating them." *Id.* Under the contract, "[p]risoners prepare and package food" in Santa Rita's kitchen "and clean and sanitize the kitchen" after preparation has finished. *Id.* ¶ 23. Employees of Aramark "supervise the quality and amount of work that prisoners accomplish" and "supervise prisoner-employee conduct and report misconduct to the deputies for discipline." *Id.* ¶ 24. Plaintiffs allege that Defendants Alameda County and Sheriff Gregory J. Ahern ("County Defendants") may "remove [prisoner-employees'] eligibility to work in the jail and subject them to disciplinary action" if Sheriff's deputies are "displeased with the quality or quantity of the work performed or the conduct of a prisoner-employee." *Id.* ¶ 26. Plaintiffs allege that "Sheriff's deputies threaten plaintiffs and other prisoner-employees of Aramark that if they refuse to work, they will receive lengthier jail sentences or be sent to solitary confinement, where they would be confined to a small cell for 22 to 24 hours a day." *Id.* ¶ 31. The deputies "also threaten to terminate prisoners' employment if they need to take a sick day or are injured." *Id.* Plaintiffs allege that such threats are sometimes made "in the presence of Aramark employees," *id.* ¶ 32, and that Aramark employees threaten "to report [prisoner-employees] to the Sheriff's deputies for punishment if they attempt to leave work early due to illness or injury," *id.* ¶ 33.

On June 26, 2020, this Court granted in part and denied in part County Defendants and Aramark's motion to dismiss the original complaint. ECF No. 46. All dismissals were with leave to amend except for the Labor Code claim for failure to pay convicted Plaintiffs wages as well as Mebrahtu, Mason, and Nunez-Romero's Labor Code and Bane Act claims against County Defendants. *Id.* On July 10, 2020, Plaintiffs filed the FAC. ECF No. 48. Plaintiffs added a new plaintiff, Scott Abbey, *id.* ¶ 1, and reasserted nine of the ten claims from the original complaint, *see id.* ¶ 74-110. Plaintiffs no longer brought claims under California's Equal Pay Act., *cf. id.*, or sought to represent convicted inmates, *see id.* ¶ 50. In August 2020, Aramark and County

1   Defendants filed their motions to dismiss the FAC.  ECF Nos. 51, 52.

2         The Court granted in part and denied in part the motions to dismiss.  ECF No. 66 ("MTD

3   Order").  The Court dismissed Plaintiffs' (1) Labor Code Section 201 and 202 claims for failure to

4   pay wages and (2) Labor Code Section 1194 claim against County Defendants for failure to pay

5   overtime, and otherwise denied the motions.  In the MTD Order, the Court decided the following

6   question of law in Plaintiffs' favor:

> 1.  Do non-convicted incarcerated individuals performing services in county jails for a for-profit company that sells goods produced by incarcerated individuals to third parties outside of the county have a claim for minimum wages and overtime under Section 1194 of the California Labor Code in the absence of any local ordinance prescribing or prohibiting the payment of wages for these individuals?

12         Aramark has filed this motion to seek interlocutory appeal of this conclusion.  Plaintiffs

13   oppose the motion, ECF No. 74, and Aramark has filed a reply, ECF No. 77.

## II.   JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

## III.  LEGAL STANDARD

The final judgment rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." *Id.* "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "These certification requirements are (1) that there be a controlling question of law,

United States District Court
Northern District of California

(2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981), aff'd sub nom. *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). To that end, "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d at 1027.

## IV.  DISCUSSION

The Court addresses each § 1292(b) requirement in turn.

First, the Court notes that "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. However, "the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* "A steadily growing number of decisions" have found "that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." 16 Wright, Miller & Cooper, Fed. Prac. & Proc. (Juris.) § 3930 (3d ed.) (citing cases).

The question of law Aramark seeks to appeal is likely to significantly affect the outcome of this litigation. Although Plaintiffs point to "six claims for damages unrelated to the California Labor Code that remain to be litigated in this case," ECF No. 74 at 6, the Court relied on Plaintiffs' California Labor Code claims in its discussion of at least two of these claims, *see* ECF No. 66 at 27-30 (discussing claims brought under the due process clause and the California Bane Act). And Plaintiffs admit that the damages they seek under other legal claims also implicate the question at issue because the amount of damages "may be informed by the wages a person performing similar work would be owed." ECF No. 74 at 6. Given the number of issues that involve the Court's holding that the Labor Code wage provisions apply to Plaintiffs, this case would be streamlined if the issue is resolved in Aramark's favor on appeal. The Court also finds

1    that a non-convicted detainee's right to bring claims under the California Labor Code when forced
2    to work for a private corporation in a county jail that is not governed by a relevant local ordinance
3    could have "substantial public policy importance to the state as a whole." *See Su v. Siemens*
4    *Indus., Inc.*, No. 12-cv-03743-JST, 2014 WL 2600539, at *2 (N.D. Cal. June 10, 2014).

5    Second, "[t]o determine if a 'substantial ground for difference of opinion' exists under §
6    1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at
7    633. "Courts traditionally will find that a substantial ground for difference of opinion exists where
8    'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on
9    the point, if complicated questions arise under foreign law, or if novel and difficult questions of
10   first impression are presented.'" *Id.* (quoting 3 Federal Procedure, Lawyers Edition § 3:212
11   (2010) (footnotes omitted)). "A substantial ground for difference of opinion exists where
12   reasonable jurists might disagree on an issue's resolution, not merely where they have already
13   disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

14   The question presented here is a question of first impression. Plaintiffs emphasize two
15   district court opinions that have held that the California Labor Code applies to detainees in federal
16   immigration facilities. *See* ECF No. 74 at 7 (citing *Owino v. CoreCivic, Inc.*, No. 17-CV-1112
17   JLS (NLS), 2018 WL 2193644, at *20-27 (S.D. Cal. May 14, 2018) and *Novoa v. GEO Grp., Inc.*,
18   No. EDCV172514JGBSHKX, 2018 WL 3343494, at *9 (C.D. Cal. June 21, 2018). But these
19   cases did not address the implications of Proposition 139 or the California Penal Code. Plaintiffs
20   also emphasize that Aramark has not pointed to any case conflicting with this Court's
21   "construction or application of California Labor Code section 1194." ECF No. 74 at 9 (quotation
22   marks and citation omitted). Not only is that not a requirement of Section 1292(b), but it could
23   hardly be otherwise, given that no other court has considered this issue. The Court finds that a
24   reasonable jurist could adopt Aramark's position that the Court's reasoning regarding the Penal
25   Code's preclusive effect on convicted individuals' assertion of claims under the Labor Code
26   should also apply to non-convicted detainees, despite the Penal Code's emphasis on "persons
27   confined in the county jail . . . *under a final judgment of imprisonment rendered in a criminal*
28   *action or proceeding*" in the provision granting "the board of supervisors or city council" the

1 authority to require convicted detainees "to perform labor on the public works or ways in the
2 county or city." Cal. Penal Code § 4017 (emphasis added); *see also* ECF No. 52 at 9. Therefore,
3 as in *Su*, the Court's legal determination here is "on [an] unsettled or disputable area[] of
4 California law, and there are substantial grounds for a difference of opinion." 2014 WL 2600539,
5 at *3

Finally, "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688. As one commentator has put it, "[i]deally, § 1292(b) could be used to allow interlocutory appeals whenever the district court and court of appeals agree that immediate review is a good gamble." 16 Wright, Miller & Cooper, *supra*, at § 3930.

An interlocutory appeal would materially advance the litigation because several claims implicate the legal question Aramark seeks to appeal. Aramark argues that in addition to potentially reducing the number of issues for resolution, an immediate appeal would also "shap[e] any future settlement discussions." ECF No. 77 at 5. The Court rejects Plaintiffs' argument that "an appeal would only serve to significantly delay the final resolution of this action" because Defendants have not requested a stay pending resolution of the appeal. ECF No. 74 at 10. This litigation will therefore proceed apace regardless of whether the Ninth Circuit accepts this appeal.

The Court concludes that all three requirements of § 1292(b) are met and that interlocutory appeal is warranted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Aramark's motion for leave to bring an interlocutory appeal. The Court now certifies the following question for interlocutory appeal:

1. Do non-convicted incarcerated individuals performing services in county jails for a for-profit company that sells goods produced by incarcerated individuals to third parties outside of the county have a claim for minimum wages and overtime under Section 1194 of the California Labor Code in the absence of any local ordinance prescribing or prohibiting the payment of wages for these individuals?

1  Any application to the Ninth Circuit must be made "within ten days after the entry of" this order.
2  28 U.S.C. § 1292(b).
3  **IT IS SO ORDERED.**
4  Dated: June 24, 2021



JON S. TIGAR
United States District Judge