**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMIDA RUELAS; DE'ANDRE EUGENE COX; BERT DAVIS; KATRISH JONES; JOSEPH MEBRAHTU; DAHRYL LAMONT REYNOLDS; MONICA MASON; LUIS NUNEZ-ROMERO; SCOTT ABBEY, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> COUNTY OF ALAMEDA; GREGORY J. AHERN; ARAMARK CORRECTIONAL SERVICES, LLC, <br><br> Defendants-Appellants. | No.  21-16528 <br><br> D.C. No. 4:19-cv-07637-JST <br> Northern District of California, Oakland <br><br> **ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA** |

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and WU,[*] District Judge.

---

[*] The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

# SUMMARY[**]

## Civil Rights

Pursuant to Rule 8.548(b)(2) of the California Rules of Court, the panel requested that the Supreme Court of California decide the certified question presented below:

Do non-convicted incarcerated individuals performing services in county jails for a for-profit company to supply meals within the county jails and related custody facilities have a claim for minimum wages and overtime under Section 1194 of the California Labor Code in the absence of any local ordinance prescribing or prohibiting the payment of wages for these individuals?

## ORDER

We certify the question set forth in Part II of this order to the California Supreme Court. All further proceedings in this case are stayed pending final action by the California Supreme Court, and this case is withdrawn from submission until further order of this court.

### I. Administrative Information

We provide the following information in accordance with Rule 8.548(b)(1) of the California Rules of Court.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The caption of this case is:

No. 21-16528

ARMIDA RUELAS; DE'ANDRE EUGENE COX; BERT DAVIS; KATRISH JONES; JOSEPH MEBRAHTU; DAHRYL LAMONT REYNOLDS; MONICA MASON; LUIS NUNEZ-ROMERO; SCOTT ABBEY,

Plaintiffs-Appellees,

v.

COUNTY OF ALAMEDA; GREGORY J. AHERN; ARAMARK CORRECTIONAL SERVICES, LLC,

Defendants-Appellants.

The names and addresses of counsel are:

*For Plaintiffs-Appellees*: Dan Siegel and EmilyRose Johns, Siegel, Yee, Brunner & Mehta, 475 14th Street, Suite 500, Oakland, CA 94612.

*For Defendants-Appellants County of Alameda and Gregory J. Ahern*: Adam W. Hofmann, Winston Hu, Paul B. Mello, Gilbert Tsai, and Samantha D. Wolff, Hanson Bridgett, LLP, 425 Market Street, 26th Floor, San Francisco, CA 94105.

*For Defendant-Appellant Aramark Correctional Services, LLC*: Cortlin H. Lannin and Isaac D. Chaput, Covington & Burling, LLP, Salesforce Tower, 415 Mission Street, Suite 5400, San Francisco, CA 94105; Adam Z. Margulies, Covington & Burling, LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018; Eric C. Bosset and Kevin King, Covington & Burling, LLP, One CityCenter, 850 Tenth Street, NW, Washington, DC 20001.

Defendants-Appellants should be deemed the petitioners, if the California Supreme Court agrees to consider these questions.  *See* Cal. R. Ct. 8.548(b)(1).

## II.  Certified Question

Pursuant to Rule 8.548(b)(2) of the California Rules of Court, we respectfully request that the Supreme Court of California decide the certified question presented below.

1. Do non-convicted incarcerated individuals performing services in county jails for a for-profit company to supply meals within the county jails and related custody facilities have a claim for minimum wages and overtime under Section 1194 of the California Labor Code in the absence of any local ordinance prescribing or prohibiting the payment of wages for these individuals?

We recognize that our phrasing of this question does not restrict the Court's consideration of the issues involved and that the Court may rephrase the question as it sees fit.  *See id.* 8.548(f)(5).

### III.  Statement of Facts

#### A.

Plaintiffs Armida Ruelas, et al., are or were pretrial detainees, detainees facing deportation, or federal detainees confined in Alameda County's Santa Rita Jail.  Plaintiffs are or were performing industrial food preparation services and cleaning for defendant Aramark Correctional Services, LLC ("Aramark"), pursuant to a contract between Aramark and Alameda County.  Aramark is a private, for-profit company.  This contract was enabled by California Proposition 139, which legalized public-private partnerships of this kind.

As relevant here, plaintiffs allege that Aramark employs detainees in the Santa Rita Jail without compensating them.  Alameda County has not enacted a local ordinance providing for compensation to county detainees for services performed.

#### B.

In November 2019, plaintiffs filed a complaint against Aramark, Alameda County, and Sheriff Gregory J. Ahern in the United States District Court for the

Northern District of California on behalf of a class of individuals incarcerated in Santa Rita Jail who perform or performed services for Aramark.  Plaintiffs brought ten claims, including federal constitutional, federal statutory, and state statutory claims.  Defendants filed a motion to dismiss, which the district court granted in part and denied in part.

In July 2020, plaintiffs filed the first amended complaint, reasserting nine out of ten of their original claims, including claims for minimum wages and overtime compensation on behalf of non-convicted detainees under section 1194 of the California Labor Code.  Defendants moved to dismiss all claims.  The district court granted in part and denied in part.

As relevant here, the district court denied dismissal of the minimum-wage and overtime-compensation claims.  The district court held that the Penal Code "does not give any guidance regarding the wages owed to non-convicted detainees working for a private company in a county jail and cannot be read to preclude this population from the protections of the Labor Code."

Defendants moved for leave to appeal, and the district court certified the following question for interlocutory appeal: "Do non-convicted incarcerated individuals performing services in county jails for a for-profit company that sells goods produced by incarcerated individuals to third parties outside of the county

have a claim for minimum wages and overtime under Section 1194 of the California Labor Code in the absence of any local ordinance prescribing or prohibiting the payment of wages for these individuals?" This timely appeal followed.

## IV.  The Need for Certification

Certification is warranted if there is no controlling precedent and the California Supreme Court's decision could determine the outcome of a matter pending in our court.  *See* Cal. R. Ct. 8.548(a).  This appeal meets both criteria. The answer to the certified question will not only determine the outcome of defendants' appeal of the district court's denial of dismissal, but also resolve a novel and important question of California statutory interpretation regarding the applicability of state Labor Code provisions to non-convicted individuals incarcerated in county jails.

### A.

Neither the Supreme Court of California nor the California Courts of Appeal have addressed this issue.  Indeed, no California court has addressed the interplay between the statutory provisions in the state Labor Code and Penal Code regarding the viability of minimum-wage and overtime-compensation claims on behalf of individuals incarcerated in county jails.

Plaintiffs argue that section 1194 of the Labor Code, which authorizes civil actions for the recovery of unpaid minimum wages and overtime compensation, controls as a statute of general applicability that must be "liberally construed" to protect workers. *Alvarado v. Dart Container Corp. of Cal.*, 4 Cal. 5th 542, 562 (2018). Plaintiffs also assert that, under Proposition 139, which authorized public-private work programs in state prisons and county jails, section 1194 of the Labor Code governs compensation to county jail detainees in the absence of a local ordinance. *See* Cal. Const. art. XIV § 5(a) (providing that public-private work programs in county jails "shall be operated and implemented . . . by local ordinances").

Defendants argue that section 4019.3 of the Penal Code, which authorizes county boards of supervisors to set below-minimum wage compensation schemes for county jail prisoners, applies to county jail detainees in public-private work programs and precludes the application of section 1194 of the Labor Code here. Defendants suggest that *People v. Dieck*, 46 Cal. 4th 934, 940–41 (2009), which interpreted a neighboring provision in the Penal Code, and general principles of statutory construction support their view. *See, e.g.*, *Lopez v. Sony Electronics, Inc.*, 5 Cal. 5th 627, 634 (2018) ("If conflicting statutes cannot be reconciled, later enactments supersede earlier ones . . . and more specific provisions take

precedence over more general ones[.]") (citation omitted).  Both plaintiffs and defendants also point to a wide variety of additional statutory provisions, including sections 3370 and 6304.2 of the Labor Code, and sections 2811, 4017, 4325 and 4327 of the Penal Code.

Certification is particularly appropriate to decide this novel question of state statutory interpretation.  *See Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974) (noting that federal certification of state law questions "helps build a cooperative judicial federalism," and is "particularly appropriate" for novel or unsettled questions of state law).

**B.**

Resolving this question will dispose of this appeal. The district court concluded that non-convicted incarcerated individuals in county jails could bring minimum-wage and overtime-compensation claims under section 1194 of the California Labor Code and denied defendants' motion to dismiss on that basis.  If that holding is correct, the district court's ruling must be affirmed and plaintiffs' minimum-wage and overtime-compensation claims must be allowed to proceed.  If that holding is incorrect, the district court's ruling must be reversed and those claims must be dismissed.

We therefore conclude that this case presents an appropriate and important question for the California Supreme Court to address. *See* Cal. R. Ct. 8.548(a). The answers given by the California Supreme Court will dispose of this appeal currently pending before the Ninth Circuit. We agree to accept the Court's answers.

### V. Accompanying Materials

The Clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of the request with a certification of service on the parties, pursuant to California Rules of Court 8.548(c), (d).

This case is withdrawn from submission. Further proceedings in this case before our court are stayed pending final action by the California Supreme Court. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify this court within fourteen days of the California Supreme Court's acceptance or rejection of certification and, if certification is accepted, within fourteen days of the California Supreme Court's issuance of a decision.

**IT IS SO ORDERED.**