UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA RUELAS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ALAMEDA COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07637-JST<br><br>**ORDER PARTIALLY STAYING CASE**<br>Re: ECF No. 145 |

The Court previously denied Defendants' motion to dismiss Plaintiff's claim under California Labor Code Section 1194, holding that "Plaintiffs have alleged an employment relationship with all Defendants." ECF No. 66 at 23. The Court then granted Defendant Aramark Correctional Services, LLC's motion for leave to bring an interlocutory appeal, and certified the following question:

> Do non-convicted incarcerated individuals performing services in county jails for a for-profit company that sells goods produced by incarcerated individuals to third parties outside of the county have a claim for minimum wages and overtime under Section 1194 of the California Labor Code in the absence of any local ordinance prescribing or prohibiting the payment of wages for these individuals?

ECF No. 87 at 6. On November 1, 2022, the Ninth Circuit certified that question to the California Supreme Court. *Ruelas v. Cnty. of Alameda*, --- F. 4th ----, 2022 WL 16559148 (9th Cir. 2021).

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The district court has the power to order a stay of proceedings *sua sponte*. *See Kifafi v. Hilton Hotels Ret. Plan,* 825 F. Supp. 2d 298, 303–304 (D.D.C. 2011); *Amara v. CIGNA Corp.*, 559 F. Supp. 2d

192, 222–23 (D. Conn. 2008), *vacated on other grounds*, 563 U.S. 421 (2011).

The Court previously found that a number of issues in this case, including at least two of Plaintiffs' other claims, were connected to Plaintiffs' Section 1194 claim and thus implicated by this Court's holding as to that claim. EF No. 87 at 4-5. As a result, the resolution of Plaintiffs' motion for class certification, which is predicated on those and other claims, partially hinges on the California Supreme Court's answer to the certified question.

By contrast, Defendants' pending motion for sanctions seeks terminating sanctions against several named class representatives for a failure to comply with their discovery obligations. *See* ECF No. 139. The resolution of that motion is thus unrelated to the certified question.

Accordingly, this case is hereby stayed pending a decision by the California Supreme Court on the question certified by the Ninth Circuit, except for proceedings related to Defendants' motion for sanctions. Plaintiffs' motion for class certification is administratively terminated and may be renewed following expiration of the stay.

**IT IS SO ORDERED.**

Dated:  November 3, 2022



JON S. TIGAR
United States District Judge