UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA RUELAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>    Defendants. | Case No. 19-cv-07637-JST<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR SANCTIONS**<br><br>Re: ECF No. 146 |

Before the Court is Magistrate Judge Sallie Kim's Report and Recommendation, ECF No. 146, regarding Defendants' motion for sanctions, ECF No. 143. Plaintiffs filed an objection to the Report and Recommendation within fourteen days of its issuance. ECF No. 148. The Court construes this objection as a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge. The Court will adopt the Report and Recommendation and grant the motion for sanctions.

I.     **BACKGROUND**

Plaintiffs are or were pre-trial detainees confined in Defendant Alameda County's Santa Rita Jail who are or were employed to perform "industrial food preparation services and cleaning" for Defendant Aramark Correctional Services, LLC, a "private, for-profit company that sells food prepared by prisoners to third parties" outside of Alameda County. ECF No. 48 ¶ 1. Alameda County contracted with Aramark in "as early as July 1, 2015," to arrange for the employment of persons imprisoned in Santa Rita Jail to perform this work. *Id.* ¶ 22. Plaintiffs allege that the contract allows Aramark "to employ persons imprisoned in Santa Rita Jail without compensating them," *id.*, and asserted ten claims, including claims under the Thirteenth Amendment, the Trafficking Victims Protection Act ("TVPA"), the Fourteenth Amendment, the California Labor

Code, California's Unfair Competition Law ("UCL"), and California's Bane Act. *Id*. ¶¶ 67-108.

Defendants moved to dismiss the original complaint, and the Court largely granted the motion. *See* ECF No. 46. Plaintiffs filed their operative First Amended Complaint on July 10, 2020, ECF No. 48, and Defendants filed motions dismiss, ECF Nos 51 & 52. The Court granted the motions as to Plaintiffs' claims under California Labor Code Sections 201 and 202, as well as Plaintiffs' claim under California Labor Code Section 1194 against the County Defendants for failure to pay overtime. ECF No. 88 at 33. The Court denied the motions as to the remaining claims. *Id.* Of relevance here, the Court denied the motion as to the remainder of Plaintiff's claim under California Labor Code Section 1194 against Defendants, finding that Plaintiffs sufficiently alleged an employment relationship with all Defendants. *Id.* at 25.

Aramark subsequently moved for leave to bring an interlocutory appeal, which the Court granted on June 24, 2021. ECF No. 87. The Court certified the question as to whether Plaintiffs and similarly situated individuals have a claim for minimum wage and overtime under Section 1194. ECF No. 87 at 6. While the appeal was pending, the Court referred the case to Magistrate Judge Sallie Kim for discovery purposes on June 10, 2022. ECF No. 115.

The discovery developments that prompted the instant motion for sanctions began on August 13, 2021, when Plaintiffs' counsel served deficient responses to interrogatories on behalf of Plaintiffs Joseph Mebrahtu and Luis Nunez-Romero. ECF No. 139-1 at 25-37. On April 29, 2022, the parties filed a stipulation in which they represented that "it is necessary for defendants to take the [Plaintiffs'] depositions in order to fully brief their opposition to plaintiffs' anticipated motion for class certification," ECF No. 111 at 2, and the Court issued an order permitting Defendants to depose Plaintiffs, ECF No. 112. On June 8, 2022, following failed efforts to take Mebrahtu's deposition, the parties filed a discovery letter brief in which Defendants asked the Court to compel said deposition. ECF No. 113 at 2-3. Plaintiffs' counsel explained that they were unable to contact Mebrahtu because he "is unhoused and does not have ready access to a phone." *Id.* at 4. On July 1, 2022, Magistrate Judge Kim ordered Mebrahtu to appear for a deposition by July 15, 2022. ECF No. 117.

Plaintiffs then moved for class certification on July 1, 2022. ECF No. 118. On July 8,

1  2022, the parties submitted an additional discovery letter brief, this time concerning the deposition
2  of Nunez-Romero.  ECF No. 124.  Plaintiffs' counsel indicated that Nunez-Romero was unable to
3  appear for his deposition because of a medical condition and "because his phone is not in working
4  order."  ECF No. 124 at 5.  On July 18, 2022, Magistrate Judge Kim ordered Nunez-Romero to
5  appear for a deposition by July 22, 2022.  Both Mebrahtu and Nunez-Romero failed to appear for
6  their depositions by the respective deadlines.  Defendants subsequently noted in their opposition to
7  the motion for class certification that they were unable to take these depositions.  ECF No. 130 at
8  21. Defendants filed the instant motion for sanctions on September 16, 2022.  ECF No. 139.

9  While the motion for class certification and motion for sanctions were pending, the Ninth Circuit certified this Court's certified question to the California Supreme Court on November 1, 2022. *Ruelas v. Cnty. of Alameda*, 51 F.4th 1187 (9th Cir. 2021).  Magistrate Judge Kim issued the Report and Recommendation currently before the Court on that same day.  ECF No. 146.  The Court stayed the case pending a decision by the California Supreme Court on the certified question, "except for proceedings related to Defendants' motion for sanctions."  ECF No. 147 at 2. The Court further administratively terminated Plaintiffs' motion for class certification.  *Id.* Plaintiffs objected to the Report and Recommendation, ECF No. 146, and Defendants responded, ECF No. 149.

18  The Report and Recommendation recommends sanctioning Mebrahtu by denying him the
19  ability to participate as a named class representative and orders him to appear for his deposition by
20  January 13, 2023.  ECF No. 146 at 7.  It recommends sanctioning Nunez-Romero by dismissing
21  his individual claims against Defendants with prejudice.  The Report and Recommendation also
22  recommends denying an award of attorney's fees to Defendants, which recommendation
23  Defendants do not contest.

24  **II.    LEGAL STANDARD**

25  With respect to dispositive motions, Federal Rule of Civil Procedure 72(b)(3) requires the
26  Court to "determine de novo any part of the magistrate judge's disposition that has been properly
27  objected to."  The Rule further provides that the Court "may accept, reject, or modify the
28  recommended disposition; receive further evidence; or return the matter to the magistrate judge

3

with instructions."

## III. DISCUSSION

### A. Terminating Sanctions

Federal Rule of Civil Procedure 37(b)(2)(A) permits the Court to impose a variety of sanctions, including terminating sanctions, if a party "fails to obey an order to provide or permit discovery." "Instead of or in addition to" these sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b). Similarly, Federal Rule of Civil Procedure 37(d)(1)(A) permits the Court, on the motion of a party, to order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Sanctions under Rule 37(d) include those "listed in Rule 37(b)(2)(A)(i)-(iv)." As with Rule 37(b), Rule 37(d) provides, "Instead of or in addition to these sanctions," "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The principal difference between Rule 37(b) and Rule 37(d) is that sanctions are available under Rule 37(d) even without a prior court order. *See Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

"Rule 37 sanctions, including dismissal, may be imposed where the violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905)).

Provided that the party's conduct satisfies the foregoing standard, the Court considers five factors in assessing the propriety of terminating sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. General Life Ins. Co. v. New Images of Beverly*

4

*Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.2003)); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (setting forth an identical inquiry for motions under Rule 37(d)).  With respect to the fifth factor, the Court assesses whether it "has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. General Life Ins. Co.*, 482 F.3d at 1096.  The Ninth Circuit has emphasized that "[t]his 'test' is not mechanical," but rather "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Id.*

The Report and Recommendation finds Mebrahtu's and Nunez-Romero's conduct to be willful.  As to Mebrahtu, the Report and Recommendation finds that the first, second, and third factors support the recommended sanction.  As to Nunez-Romero, the Report and Recommendation does not address the factors, but it recommends dismissal on the basis that "there is no indication that he is willing to participate in his deposition," as well as "no explanation – other than an unspecified and undocumented claim of a medical condition – for his earlier violation of the Court's order requiring him to appear for deposition." ECF No. 146.  Plaintiffs argue that denial of class representative status to Mebrahtu and termination of Nunez-Romero are "too severe," especially when considering that the motion for class certification was administratively terminated by the Court.  ECF No. 148 at 4-5.

The Court agrees with the Report and Recommendation that Mebrahtu's and Nunez-Romero's conduct was willful because they have not shown that their disobedient conduct was outside of their control.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).  They argue that counsel was unable to contact them to coordinate their appearances at their depositions. *See* ECF No 113 at 4; ECF No. 124 at 5.  But, as Judge Kim explained in the Report and Recommendation, parties are bound by the actions of their attorneys for purposes of terminating sanctions. *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of

5

this freely selected agent.").

The Court also agrees with the Report and Recommendation's application of the five factors to the circumstances at hand. The first factor weighs in favor of dismissal because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). The second factor weighs in favor of dismissal because Mebrahtu's and Nunez-Montero's failures to appear at their depositions and failures to comply with Judge Kim's orders "ha[ve] consumed some of the [C]ourt's time that could have been devoted to other cases on the docket." *Id*. The third factor weighs in favor of dismissal because Defendants cannot discern whether Mebrahtu and Nunez-Romero failed to support the allegations in the FAC, which is crucial to Defendants' opposition to the motion for class certification.[1] The fourth factor, the public policy favoring disposition of their cases on the merits, weighs against dismissal. The fifth factor, the availability of less drastic sanctions, weighs against dismissal because the Court has not tried less drastic sanctions, nor has the Court previously warned Mebrahtu and Nunez-Romero about the possibility of terminating sanctions.

The Court further agrees that the balance of these factors supports terminating sanctions for three reasons. First, their conduct impeded Defendants' ability to oppose Plaintiffs' motion for class certification in a manner that "threaten[s] to interfere with the rightful decision of the case," *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), which is the consideration "most critical for case-dispositive sanctions[] regarding risk of prejudice and case-dispositive sanctions," *Valley Eng'rs*, *Inc. v. Elec. Eng'g Co*., 158 F.3d 1051, 1057 (9th Cir. 1998). Second, "[a]lthough the Court has not expressly warned [Mebrahtu or Nunez-Romero] or [their counsel] counsel with dismissal or other severe sanctions for the particular failures presently before the

---

[1] Plaintiffs object that Defendants were not prejudiced because they were nonetheless able to make their arguments and did not lose the opportunity to present any argument" in their opposition to Plaintiffs' motion for class certification. ECF No. 147 at 6. Regardless, the Defendants' inability to depose Plaintiffs renders Defendants unable to discern whether Plaintiffs satisfy the class certification prerequisites of Federal Rule of Civil Procedure 23(a). This necessarily "impair[s] [Defendants'] ability to proceed" and is therefore prejudicial. *Pagtalunan*, 291 F.3d at 642.

6

Court," they nonetheless "had notice from the text of Rule 37[] that dismissal is a possible sanction," *Deshazier v. Williams*, No. 1:06-cv-00591-AWI-SMS, 2007 WL 3010578, at *6 (E.D. Cal. Oct. 15, 2007). Accordingly, the Court will sanction Mebrahtu and Nunez-Romero in the manner set forth in the Report and Recommendation.

Mebrahtu's and Nunez-Romero's reliance on *Porter v. Martinez*, 941 F.2d 732 (9th Cir. 1991), is misplaced. There, the plaintiff had "attempted to comply with massive discovery requests by the defendants by attending depositions and medical exams and responding to interrogatories." *Id.* at 733-34. By contrast, Mebrahtu made no meaningful attempt to comply with the modest discovery request at issue here, instead offering to appear for his deposition only after Defendants filed their opposition to Plaintiffs' motion for class certification. In a similar vein, Nunez-Montero has not at any point indicated a willingness to appear for his deposition.

### B.   Attorney's Fees

The Report and Recommendation found that an award of attorney's fees and costs would be unjust under the circumstances. ECF No. 146 at 7; *see* Fed. R. Civ. P. 37(b). Defendants state that they do not seek such fees. ECF No. 149 at 5 n.3. This portion of the Report and Recommendation is therefore adopted.

## CONCLUSION

For the foregoing reasons, Mebrahtu's and Nunez-Romero's objections are overruled. The Court adopts the Report and Recommendation in full and grants Defendants' motion for sanctions. Mebrahtu is hereby deemed unfit to serve as class representative but remains a member of the putative class. Nunez-Romero's individual claims are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 14, 2023

_____
JON S. TIGAR
United States District Judge